### PAT *v*. THE STATE.

1. An acquittal upon an indictment for burglary will not support a plea of autrefois acquit to an indictment for receiving stolen goods knowing the same to have been stolen.
2. A charge of this nature can not be established by evidence showing that the accused received the stolen goods, not knowing at the time that they had been stolen, but, upon being informed of the larceny, secreted the goods and retained the possession thereof.

Argued July 21, — Decided August 7, 1902.

Indictment for receiving stolen goods.    Before Judge Holden. Madison superior court.    May 27, 1902.

*George C. Grogan* and *Ira C. VanDuzer,* for plaintiff in error. *David W. Meadow, solicitor-general,* contra.

FISH, J.    Fannie Pat was indicted for the offense of receiving stolen goods knowing them to be stolen.    Upon the trial she pleaded autrefois acquit, in that she had, at a former term of the court,

been tried and acquitted of the offense of burglary, and that the facts in the burglary case were the same as those in the case upon trial, the two cases involving the same transaction. The plea was overruled, and upon the trial the accused was found guilty. She made a motion for a new trial, which was denied; whereupon she excepted to the judgment refusing the new trial, and also to the overruling of the plea of autrefois acquit.

1. The offense of receiving stolen goods knowing them to be stolen is not a necessary element in, and does not constitute an essential part of, the offense of burglary. The two offenses are separate and distinct, and a verdict of guilty of receiving stolen goods knowing them to be stolen could not legally be found under an indictment for burglary. *Mangham* v. *State*, 87 *Ga.* 549. Therefore the acquittal of the accused upon the indictment for burglary could not support a plea of autrefois acquit to the indictment for receiving stolen goods knowing them to be stolen. See *Bell* v. *State*, 103 *Ga.* 397; *Smith* v. *State*, 105 *Ga.* 724.

2. Complaint was made of a charge of the court to the effect that if the accused did not know that the goods were stolen at the time she received them, but knew after she received them that they were stolen, and then secreted them, the jury would be authorized to convict her. We think this charge was erroneous. The gist of the offense of receiving stolen goods knowing them to be stolen is the felonious knowledge that the goods were stolen; and to constitute the offense, the person receiving the goods must have this knowledge at the time of receiving them. *State* v. *Caveness*, 78 N. C. 484; *May* v. *People*, 60 Ill. 119.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*