42186. REESE v. THE STATE.

HALL, Judge. The defendant was charged and convicted of knowingly receiving stolen goods (*Code Ann.* § 26-2620) on November 26, 1965. On appeal, she contends there is a fatal variance between the allegations and proof for the reason that the accusation against the principal thief, which was introduced in evidence, shows that the latter did not steal the property until November 27, 1965. The guilt of the principal thief is an essential element of the crime of receiving stolen goods, but the conviction of the principal thief is not. While the State must prove a conviction of the principal thief, if he is known and can be apprehended, as a condition precedent to proceeding against the alleged receiver of stolen goods, such proof is only prima facie establishment of the guilt of the principal thief. After proof of the conviction, his guilt, including the date of the offense, is in issue. There is sufficient evidence in this record to show that the principal thief was guilty of the theft of the goods received by the

defendant, that the theft took place on November 26, 1965, and preceded the receipt by the defendant of the stolen goods. *Johnson v. State,* 96 Ga. App. 151 (99 SE2d 484) ; cf. *Lee v. State,* 8 Ga. App. 413, 418 (69 SE 310). The defendant also contends that there was no evidence showing that the defendant received the stolen goods with knowledge that they were stolen. There was evidence of facts and circumstances sufficient to support a finding that the defendant received the goods knowing them to be stolen. *Licette v. State,* 75 Ga. 253, 257; *Cobb v. State,* 76 Ga. 664, 666. The evidence was sufficient to authorize the verdict of the jury.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

SUBMITTED JULY 6, 1966—DECIDED SEPTEMBER 6, 1966—
REHEARING DENIED SEPTEMBER 21, 1966.

*Casey Thigpen,* for appellant.
*Thomas A. Hutcheson, Solicitor,* for appellee.