45551. JOHNSON v. THE STATE.

BELL, Chief Judge. 1. The defendant was indicted and tried for theft by taking and theft by receiving stolen property. The jury acquitted the defendant of theft by taking but convicted her of theft by receiving stolen property. The trial court charged the jury: "that if you find the offense alleged in the indictment was committed by someone and that very soon thereafter the whole or any part of the goods so taken at the time the offense was committed, if any offense was committed, was found in the recent possession of the defendant, such possession, if not satisfactorily explained consistent with her innocence, would authorize you to identify the defendant as the guilty party and to convict her of the crime charged." As the court did not limit the application of this charge to either offense, the jury was free to apply it to the theft by receiving stolen property. This constitutes harmful error. It has been held that the rule of recent possession of stolen property has no application to a charge of theft by receiving stolen property. *Gaskin v. State,* 119 Ga. App. 593 (168 SE2d 183).

2. The defendant contends that the verdict was without evidence to support it because the State did not prove ownership or theft of the goods and did not establish that the defendant knew the goods were stolen. The essential elements of the crime are that property was stolen and the defendant received, disposed of, or retained stolen property which he knew or should have known was stolen. *Code Ann.* § 26-1806. The indictment charged that the offense was committed on January 20, 1970, and the goods, 25 girdles, were allegedly owned by and stolen from the International Playtex Corporation. Six girdles were received in evidence and it was established by two witnesses for the State that they obtained them from the defendant. An employee of International testified that the six girdles were manufactured by his firm in LaGrange; and three were manufactured in January 1970, one in December 1969, one in October 1969, and gave no date of manufacture for the sixth. When asked if they had been "released and sold," this witness stated "The only way they could have been released, we ship from LaGrange to our

distribution center in Dover and from there they are shipped to customers but they are packaged when they are shipped to customers. It's very unlikely these could have been completed in January and gotten out into LaGrange in any manner." The testimony of this employee is the only evidence adduced by the State that any girdles were stolen from International. There is a complete lack of any direct evidence that any of this type of apparel was missing from the firm in any quantity. The employee's testimony only established that the garments manufactured in January 1970, a total of three, were *unlikely* to have left the point of manufacture for sale and the legitimate possession of another by sale during January 1970. The fact that three of the garments were unlikely to have been shipped from LaGrange does not authorize, in the absence of any other circumstances, the inference that the goods were the subject of a theft. This evidence as to the likelihood of shipment in January 1970 has no bearing upon the two garments manufactured in October and December 1969. One of the witnesses testified positively that she purchased a girdle from the defendant on December 24, 1969. It must also be borne in mind that the defendant was charged with receiving a total of 25 girdles. A witness did testify that she purchased a girdle from the defendant in January 1970 and sometime "after January" 1970 the defendant gave her 19 girdles to sell on her behalf. The record is otherwise silent as to the nineteen. There is not a scintilla of evidence that these were even manufactured by International Playtex, nor is there any evidence showing circumstances from which it can be inferred that they had been stolen from International. To sustain the conviction of the defendant for the offense charged, the larceny of the goods and their ownership must be proven, with reasonable certainty, as alleged in the indictment. *O'Connell v. State,* 55 Ga. 296. The evidence here as to proof of ownership and theft of the goods is vague and uncertain and cannot support a conviction.

The evidence is fatally deficient for another reason. There is no evidence from which it can be found that the defendant initially received the goods with knowledge that they had been stolen, an essential element of the crime. A witness did testify

that after obtaining a girdle from the defendant, the defendant "called me and told me they was in hot water, the one had bought had carried a whole passle of 'em to the pawn shop and was in hot water, if I had any in my house, to get rid of 'em." This statement attributed to the defendant, a portion of which is meaningless, shows at best an after the fact knowledge that the goods were stolen and an attempt to secrete them. This is insufficient to establish that the defendant had guilty knowledge at the time of receiving them. *Pat v. State,* 116 Ga. 92 (42 SE 389).

*Judgment reversed. Quillian and Whitman, JJ., concur.* SUBMITTED SEPTEMBER 8, 1970—DECIDED NOVEMBER 6, 1970.

*Charles E. Solomon, Jr., L. M. Wyatt,* for appellant.
*Eldridge W. Fleming, District Attorney,* for appellee.