## 50776. JOHNSON v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted, tried and convicted for the offense of theft by receiving stolen property. He appeals to this court. *Held:*

1. The defendant contends that when charging as to the inference of guilt in conjunction with other evidence the trial judge should have expressly referred to scienter.

A consideration of the charge as a whole shows it to be fair and completely covers the principles of law involved. See *Gaskin v. State,* 119 Ga. App. 593, 595 (168 SE2d 183); *Higginbotham v. State,* 124 Ga. App. 489 (3)

(184 SE2d 231).

2. Code Ann. § 26-1806 (Ga. L. 1968, pp. 1249, 1292; 1969, pp. 857, 859) reads: "(a) A person commits theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property." The former Code Section, to wit, § 26-2620 (repealed 1968 by Ga. L. p. 1249) provided: "If any person shall buy or receive any goods, chattels, money, or other effects that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property." Under that Section it was often held: "A charge of this nature can not be established by evidence showing that the accused received the stolen goods, not knowing at the time that they had been stolen, but upon being informed of the larceny, secreted the goods and retained the possession thereof." *Pat v. State,* 116 Ga. 92 (2) (42 SE 389); *Von Sprecken v. State,* 70 Ga. App. 222, 223, 224 (28 SE2d 341); *McGill v. State,* 106 Ga. App. 482 (127 SE2d 332).

However, the present law expressly mentions *retention.* Hence, any language in cases indicating that only evidence of guilty knowledge at the time the goods were received will warrant conviction (see e.g., *Johnson v. State,* 122 Ga. App. 769, 771 (178 SE2d 772)) is no longer controlling.

"After the fact knowledge" would tend to show a guilty retention under the Code and will sustain a conviction. There was ample evidence of this in the case sub judice.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED JUNE 25, 1975 — DECIDED SEPTEMBER 22, 1975.

*John W. Timmons, Jr., Robert D. Peckham, W.*

*Donald Morgan, Jr.,* for appellant.
 *Harry N. Gordon, District Attorney, R. Thomas Cook, Jr., Assistant District Attorney,* for appellee.