44583. RHODES v. THE STATE.
(359 SE2d 670)

WELTNER, Justice.

Otis Rhodes shot and killed Reginald Cromedy with a handgun. Rhodes appeals his conviction of malice murder.[1]

1. The evidence was sufficient to support the conviction under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Rhodes assigns error to the trial court's refusal to give his requested charges on involuntary manslaughter under OCGA § 16-5-3 (a) (misdemeanor-manslaughter) and OCGA § 16-5-3 (b) (lawful act done in an unlawful manner), and on self-defense. He contends that he was acting in response to a perceived threat and that, at worst, his act of pointing a pistol at Cromedy was a misdemeanor.

3. A dispute arose concerning the positioning of Cromedy's car, in that it partially blocked Rhodes' passage. Rhodes testified: "At that time, he got ready to get out of the car. And he couldn't get out because we were parked on the street. The door was too close. When he went to open it, I pushed against it and tried to restrain him in. But then he still managed to get out. So he got out and reached for me. At that time, I automatically . . . just reflex, I reached in my glove compartment to get the pistol. As I got out, he started to get back in the car and I stood up. He pulled on the door and hit my wrist right here and the gun went off." (It should be noted that the jury was charged on Rhodes' theory of accidental shooting.)

The record contains no evidence of a verbal threat made by

---

[1] The date of the killing was August 23, 1986. Rhodes was indicted September 15, 1986, and convicted November 14, 1986. A motion for new trial was filed December 10, 1986, and denied February 12, 1987. A notice of appeal was filed in this court on March 10, 1987. The transcript was certified March 20, 1987. The case was docketed April 22, 1987, and argued May 29, 1987.

Cromedy to Rhodes. There was testimony that Cromedy said he could "get out of the car and discuss this like a man," whereupon Cromedy exited his car and "reached for" Rhodes, but after Cromedy saw Rhodes' handgun, he re-entered his automobile. These acts, standing alone, do not constitute a sufficient threat to render the pointing of a loaded pistol at another a lawful act of self-defense.

4. Rhodes contends that his use of the pistol was the misdemeanor of pointing a firearm at another, and not the felony of aggravated assault. Under OCGA § 16-11-102, a person who "intentionally and without legal justification points or aims a gun or pistol at another" commits a misdemeanor. Under OCGA §§ 16-5-20 (a) (2) and 21 (a) (2), a person who, using a deadly weapon, commits an act which places another in reasonable apprehension of immediate violent injury commits the felony of aggravated assault. These provisions present, at first glance, an apparent conflict, in that pointing a firearm is, in itself, frequently an aggravated assault.

Prior to the adoption of the Criminal Code in 1968, Code Ann. § 26-2908 read: "Any person who points or aims a gun or pistol, whether loaded or unloaded, at another, not in a sham battle by the military and not in self-defense or in defense of habitation, property, or person, or other instances standing upon like footing of reason or justice, shall be guilty of a misdemeanor." The present statute, OCGA § 16-11-102, provides: "A person is guilty of a misdemeanor when he, intentionally and without legal justification, points or aims a gun or pistol at another, whether the gun or pistol is loaded or unloaded." It is seen that the substance of the new statute contains essentially the same elements as the old. There has been a substantial change, however, in the definition of aggravated assault, as defined in the Criminal Code. Before 1968, simple assault was defined as "an attempt to commit a violent injury on another." Code Ann. § 26-1301 (now OCGA § 16-5-20 (a) (1)). Aggravated assault then was defined as an assault with intent to murder, rape, or rob. Code Ann. § 26-1302 (a) (1) (now OCGA § 16-5-21 (a) (1)). There was no analog to OCGA §§ 16-5-20 (a) (2) or 21 (a) (2). Thus, pointing a firearm at another without legal justification and without intent to murder, rape, or rob was always a misdemeanor, whether or not the victim was apprehensive of being injured. The 1968 codification included Code Ann. §§ 26-1301 (a) (2) and 26-1302 (a) (2), now codified as OCGA §§ 16-5-20 (a) (2) and 21 (a) (2), and established that the use of a deadly weapon in such manner as to place another in reasonable apprehension of immediate violent injury constitutes the felony of aggravated assault.

5. Rhodes argues that OCGA § 16-11-102 is in conflict with, and takes precedence over OCGA §§ 16-5-20 (a) (2) and 21 (a) (2). We have demonstrated, however, that the statutes do not conflict. The aggravated assault definition includes an element not contained in the

pointing of a firearm definition, specifically: a resulting reasonable apprehension of immediate violent injury. Thus, if the victim is not placed in reasonable apprehension of immediate violent injury by the pointing of the firearm, only the misdemeanor of pointing a firearm (and not the felony of aggravated assault) has been committed. (This would be the case where the victim was completely unaware that a firearm was pointed at him. On the other hand, if the pointing of the firearm placed the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred.)

6. Rhodes' act was clearly the felony of aggravated assault. The testimony showed that Cromedy, as well as the three passengers in his car, were aware of and understandably apprehensive of immediate violent injury. Rhodes' own testimony ("I was showing the gun to him so he would leave me alone.") revealed that his purpose in pointing the weapon was to place Cromedy in apprehension of immediate violent injury. The request for a charge on misdemeanor manslaughter properly was denied.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987.

*Samuel J. Brantley,* for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.