A96A1917. BLANKENSHIP v. THE STATE.
(477 SE2d 397)

MCMURRAY, Presiding Judge.
Defendant John R. Blankenship was charged in an indictment with unlawful possession of a firearm (Count 1), two counts of theft by receiving stolen property (Counts 2 and 3), and one count of theft by taking (motor vehicle) (Count 4). The evidence adduced at his jury trial revealed that on July 21, 1992, Officer Tony Ranieri, an investigator with the Spalding County Sheriff's Department, "became involved in the burglary at Mr. [Charles] Goodson's residence during the investigation of [another burglary and double] homicide on Locust Grove Road." On July 25, 1992, Officer Ranieri "received a phone call [from Officer Tommy Harris of the Griffin Police Department] which later led [investigators] to Michael McKoon, who . . . was one of the suspects involved in that." "After statements that Michael McKoon provided to investigators with [the Spalding County Sheriff's Department] and the Georgia Bureau of Investigation, it led [investigators] to [a] Michael Blankenship. [Michael McKoon] showed [investigators] where the residence was, told [them] of his involvement, and from there, [Officer Ranieri], along with G. B. I. agents and other investigators of the Sheriff's Department went to

that residence of the [defendant]."

"When [they] arrived, . . . Mrs. Blankenship and Mr. Blankenship [defendant] were there at the residence. [The officers] explained to them [the Blankenships] who [they] were, why [they] were there, and they [the Blankenships] led [investigators] down to a basement area . . . where Michael Blankenship's room was." Officer Ranieri identified State's Exhibit 5 as "the sawed-off shotgun that was found in Michael Blankenship's room." "The barrel is twelve inches." The total length of the weapon was "eighteen inches." "After [investigators] located this weapon, [Officer Ranieri] had a conversation with Mr. Blankenship [defendant]. And the statement [defendant] provided . . . was that [State's Exhibit 5] was a shotgun apparently given to Michael Blankenship by his grandmother. That Mr. Blankenship [defendant] assisted Michael Blankenship in sawing it off — both ends of the gun — to make it a sawed-off shotgun."

Officer Ranieri took Michael Blankenship into custody at that time. He returned to defendant's residence to execute a search warrant. After searching Michael Blankenship's room, Officer Ranieri "requested to enter another locked room, an office area that Mr. Blankenship [defendant] stated . . . that was his office, his room, and he [defendant] was the only one who had a key to that room." Investigators found no "pry marks or tool markings of any type on [this] door for which [defendant] had the only key. . . ." Officer Ranieri identified State's Exhibit 6, a Winchester rifle, as being "found in the locked room or office, . . . belonging to Mr. Blankenship [defendant]." Officer Ranieri affirmed that "this was the weapon that was stolen during the burglary and murder of Timothy Stroud." Also in this locked room, Officer Ranieri found a PSE camouflage crossbow, with arrows, which had been "stolen from Mr. Goodson's residence on Highway 155." Inside of defendant's pickup truck was "a .22 caliber long rifle pistol. . . . This pistol was also identified as a pistol that was stolen out of the Goodson residence." Also, "one of the military flashlights came out of [defendant's] pickup truck." One murder victim's Mercedes, stolen during the burglary, was discovered "on Chuli Road, off of Locust Grove Road, which is on the eastern portion of Spalding County, . . . about a half a mile to a mile from the crime scene, and about the same distance to the Blankenship residence."

Michael McKoon testified that, after he and Michael Blankenship burglarized the Stroud residence, Michael Blankenship drove the stolen Mercedes to the home of his father, defendant John R. Blankenship, where they "wiped the car down." Michael Blankenship and Michael McKoon then drove off in the Mercedes, expecting defendant to follow them. They waited "at the stop sign until [defendant] pulled up behind [them]." After a brief discussion between defendant and his son, Michael Blankenship told Michael McKoon

"that we were going to dump the car." They drove the Mercedes to a dirt road, "with [defendant] following behind [them]." As they "pulled onto the road, both of [them] extinguished the headlights. . . ." After they "[w]iped down the handle from any stray fingerprints, [they] got into [defendant's] truck." Defendant asked them, "did we wipe the car down good, did we get rid of the fingerprints." The next day, defendant asked Michael McKoon "such things as . . . what have I done with the weapon that was used during the murder. . . . [McKoon] told him [he] had destroyed it."

At the close of the State's evidence, the trial court directed a verdict of acquittal as to Count 4, theft by taking (motor vehicle) and an order of nolle prosequi was entered thereon. The jury found defendant guilty of unlawful possession of a firearm and the two counts of theft by receiving. Defendant's motion for new trial was denied, and this appeal followed. *Held*:

1. In his fourth enumeration, defendant contends the trial court erred in admitting "certain evidence which if same had been properly excluded said accused would not have been convicted." The entire argument in support of this enumeration is as follows: "The Appellant submits as his argument on this particular enumeration the same arguments as set forth in Enumerations of Error numbers 1, 2, and 3 and their relation to numbers 5, 6, 7 and 8." This does not constitute reasoned argument in support of any contention that the trial court erred in ruling on any particular evidentiary point of law brought to its attention for decision. *Haskins v. Jones*, 142 Ga. App. 153 (1) (235 SE2d 630); *O'Kelley v. Hayes*, 132 Ga. App. 134 (1) (b), 135 (207 SE2d 641). Consequently, this enumeration is deemed to have been abandoned within the meaning of Court of Appeals Rule 27 (c) (2). See *Ezzard v. State*, 229 Ga. 465 (1) (192 SE2d 374).

2. In his seven remaining enumerations, defendant challenges the sufficiency of the evidence.

(a) The 18-inch shotgun was discovered in a locked room, described as defendant's office, and to which only defendant had a key. "Contrary to [his] assertions, this evidence [of exclusive possession] was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to authorize a rational trier of fact to find [defendant] guilty beyond a reasonable doubt of [possessing a sawed-off shotgun in violation of OCGA §§ 16-11-123 and 16-11-121 (5)]." *Johnson v. State*, 209 Ga. App. 632 (1), 633 (434 SE2d 169).

(b) "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending

on the security of the property." OCGA § 16-8-7 (a).

There was evidence that defendant knew of the burglary and deaths within minutes of when Michael McKoon and Michael Blankenship returned from their murderous spree, and that he assisted the youths in disposing of a car stolen from one of the murder victims. The jury was thus authorized to infer that defendant knew the crossbow (or compound bow), rifle, and military flashlight were stolen property when he exercised exclusive dominion or control by locking these items in his office. There was no fatal variance in the indictment's description of one stolen item as a crossbow versus a compound bow, for defendant was not unfairly surprised or deprived of a valid defense thereby. *Mitchell v. State*, 218 Ga. App. 330, 331 (461 SE2d 292). " 'After the fact knowledge' would tend to show a guilty retention under the Code and will sustain a conviction. There was ample evidence of this in the case sub judice." *Johnson v. State*, 135 Ga. App. 768, 769 (2) (219 SE2d 25). The enumeration of the general grounds is without merit.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 17, 1996.

*Mullins & Whalen, Harold A. Sturdivant*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.