**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 25, 2016**

# In the Court of Appeals of Georgia

A15A2110. SMITH v. THE STATE.

ANDREWS, Presiding Judge.

Pursuant to the grant of an out-of-time appeal, Anthony Smith appeals pro se from the judgment of conviction entered on his non-negotiated guilty pleas to the offenses of aggravated assault in violation of OCGA § 16-5-21; robbery in violation of OCGA § 16-8-40; and theft by receiving stolen property in violation of OCGA § 16-8-7. For the following reasons, we affirm in part, vacate in part, and remand the case to the trial court for further proceedings.

Smith contends that he was denied his first appeal of right because his counsel in the trial court provided ineffective assistance by failing to advise him about defects in the above three counts of the indictment to which he pled guilty.

> Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice. Thus, an out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel.

*Wetherington v. State*, 296 Ga. 451, 453 (769 SE2d 53) (2015) (citation and punctuation omitted). Initially, we note that,

> once a defendant has pled guilty to the offenses charged, an out-of-time appeal is not available to raise independent claims alleging the deprivation of constitutional rights, which occurred prior to the entry of a guilty plea. With a few limited exceptions, a plea of guilty generally waives all defenses except that based on the knowing and voluntary nature of the plea. An exception will only be made if the error goes to the very power of the State to bring the defendant into court.

Id. at 454. (citations and punctuation omitted). Smith's claims on appeal fall within exceptions to the waiver rule. Smith's guilty plea did not waive his claims that the aggravated assault count to which he pled guilty was void because it failed to charge him with a crime, and that the robbery and theft by receiving stolen property counts to which he pled guilty were mutually exclusive. *Wright v. Hall*, 281 Ga. 318, 319 (638 SE2d 270) (2006); see *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411) (1977); *Menna v. New York*, 423 U. S. 61, 62, n. 2 (96 SCt 241, 46 LE2d 195) (1975).

But even though Smith's claims were not waived by his guilty pleas,

a defendant is not entitled to an out-of-time appeal unless he had the right to file a direct appeal. And a direct appeal from a judgment of conviction and sentence entered on a guilty plea is available only if the issue on appeal can be resolved by reference to facts on the record. For this reason, the ability to decide the appeal based on the existing record is the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.

*Burch v. State*, 293 Ga. 816, 816 (750 SE2d 141) (2013) (citation and punctuation omitted). The trial court correctly found that both of Smith's claims can be resolved solely by reference to the existing record.

We find no merit to Smith's claim that the count of the indictment charging him with aggravated assault was void because it failed to allege a violation of OCGA § 16-5-21. On this count, the indictment charged that Smith committed the offense of aggravated assault when he "knock[ed] [the victim] to the ground causing a serious wound to the [victim's] head," and did so by "a means likely to cause serious bodily injury when used offensively against a person." These allegations were sufficient to place Smith on notice that he was being charged with aggravated assault by assaulting the victim "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (b) (2). "In charging aggravated assault with a deadly weapon under OCGA § 16–5–21[(b)](2), it is sufficient for the indictment

3

implicitly to allege the use of a deadly weapon or an object [including hands or fists] . . . likely to cause serious bodily injury when used offensively." *Reed v. State*, 291 Ga. 10, 11 (727 SE2d 112) (2012); *Richards v. State*, 222 Ga. App. 853, 853-854 (476 SE2d 598) (1996) (hands and fists not deadly weapons per se under OCGA § 16-5-21 but jury may find them to be deadly depending on use, wounds inflicted, and other circumstances). The allegation that Smith "knock[ed]" the victim to the ground generally implied Smith's use of hands, fists, or other object. "In the context of this indictment, the only possible implication of that term is that a deadly weapon was used," and that Smith was sufficiently placed on notice that he was charged with aggravated assault. *Morgan v. State*, 275 Ga. 222, 227 (564 SE2d 192) (2002).

In separate counts of the indictment, Smith was charged with: (1) robbery in violation of OCGA 16-8-40 (a) (1) by using force to take a vehicle owned by the victim from the person and immediate presence of the victim; and (2) theft by receiving stolen property in violation of OCGA § 16-8-7 by receiving and retaining the same stolen vehicle which he knew or should have known was stolen. The State concedes that, by pleading guilty to both of these counts, Smith was convicted of crimes that are mutually exclusive of each other. *Thomas v. State* 261 Ga. 854, 855 (413 SE2d 196) (1992).

> There is no doubt that one cannot be convicted of both robbery of a vehicle and theft by receiving that vehicle. The offense of theft by receiving is intended to catch the person who buys or receives stolen goods, as distinct from the principal thief. An essential element of the crime of theft by receiving is, that the goods had been stolen by some person other than the accused.

Id. at 855 (citations and punctuation omitted). Accordingly, Smith's guilty pleas for robbery and theft by receiving are vacated, the convictions based on those pleas are likewise vacated, and the case remanded for further proceedings as to those counts of the indictment. Id. at 855-856.

Because all of Smith's guilty pleas resulted from a non-negotiated plea agreement, we find no basis to conclude that our ruling with respect to the guilty pleas on the robbery and theft by receiving charges undermines the validity of the guilty plea and conviction on the charge of aggravated assault, which is affirmed. See *Clue v. State*, 273 Ga. App. 672, 674, 675, n. 3 (615 SE2d 800) (2005).

*Judgment affirmed in part and vacated in part, and case remanded. Miller and Branch, JJ., concur.*