HINES, Presiding Justice.
This Court granted certiorari to the Court of Appeals in Patterson v. State, 332 Ga. App. 221 (770 SE2d 62) (2015), posing two questions: first, whether that Court erred in concluding that the crime of simple assault as set forth in OCGA § 16-5-20 (a) (2), does not require that the defendant have the specific intent to cause the alleged victim of the assault to suffer injury or the apprehension of injury, and second, if the Court of Appeals did so err, whether it further erred in concluding that the trial court properly refused to instruct the jury on the crimes of reckless conduct and reckless driving as lesser included offenses of aggravated assault. For the reasons that follow, we affirm the judgment of the Court of Appeals.
Ricky Patterson lived in a mobile home with his girlfriend, Wanda Bartley. While her adult son, Nathaniel Silvers, was present, Patterson and Bartley argued, and Bartley and Silvers urged Patterson to leave the home. When Patterson, Bartley, and Silvers were outside the home, Patterson went to his vehicle, put it into gear, revved the engine, and rapidly drove directly toward the end of the home, near Silvers, who became pinned against the side of the home by the vehicle; Silvers suffered internal injuries. Further facts can be found in the opinion of the Court of Appeals. Patterson, supra.
The issues before this Court on certiorari involve Patterson’s conviction on Count 4 of the indictment, in which he was charged with “aggravated assault with an object,” as that crime is set forth in present OCGA § 16-5-21 (b) (2).[1] The indictment specifically alleged *492 that Patterson
did commit an act which placed another person, to wit: Nathaniel Lane Silvers, in reasonable apprehension of immediately receiving a violent injury, said assault having been committed with an object which when used offensively against a person, is likely to and actually does result in serious bodily injury, by driving a motor vehicle in the direction of Nathaniel Silvers, striking Mr. Silvers with said vehicle, and pinning him up against a mobile home with said vehicle.
As this Court has noted:
Aggravated assault has two elements: (1) commission of a simple assault as defined by OCGA § 16-5-20 [(a)] [2]; and (2) the presence of one of three statutory aggravators. See OCGA § 16-5-21 [(b)]. The statutory aggravators are: (1) intent to rape, rob, or murder; (2) use of a deadly weapon or an offensive weapon likely to or actually resulting in serious bodily injury; [3] and (3) shooting towards people from a vehicle without justification. SeeOCGA § 16-5-21 [(b)] (1)-(3).
Guyse v. State, 286 Ga. 574, 576 (2) (690 SE2d 406) (2010). See also Brinson v. State, 272 Ga. 345, 347 (1) (529 SE2d 129) (2000) (“[Central to the offense of aggravated assault is that an assault as defined in OCGA § 16-5-20 be committed on the victim.”) As such, Count 4 of the indictment charged Patterson with a simple assault under OCGA § 16-5-20 (a) (2), that was aggravated by the use of an object — Patterson’s vehicle — that when used offensively against Silvers, was likely to, and actually did, result in serious bodily injury
Patterson contends that as to Count 4, he was entitled to jury instructions on the lesser included crimes of reckless conduct, as set forth in OCGA § 16-5-60 (b),[4] and reckless driving, as set forth in *493 OCGA § 40-6-390 (a).[5] The Court of Appeals correctly recognized that, as to both requests, a crucial issue is the culpable mental state required for the crime charged and the claimed lesser included offenses. See OCGA § 16-1-6.[6] See also Edwards v. State, 264 Ga. 131, 132-133 (442 SE2d 444) (1994). And, the Court of Appeals stated that, as charged in Count 4, there was no specific intent requirement for the crime of simple assault.
The Court of Appeals was correct in so stating. This Court has on multiple occasions noted that the crime of simple assault as set forth in OCGA § 16-5-20 (a) (2), does not require proof of specific intent. “[T]he State need only prove that the defendant intended to do the act that placed another in reasonable apprehension of immediate violent injury.." Guyse, supra at 577 (2). See also Stobbart v. State, 272 Ga. 608, 611-612 (3) (533 SE2d 379) (2000) (“There is an intent of the accused that must be shown, but it is only the criminal intent to commit the acts which caused the victim to be reasonably apprehensive of receiving a violent injury, not any underlying intent of the accused in assaulting the victim. [Cit.]”). Accord Jackson v. State, 276 Ga. 408, 412 (2) n. 5 (577 SE2d 570) (2003) (overruled on other grounds, State v. Springer, 297 Ga. 376 (774 SE2d 106) (2015)); Dunagan v. State, 269 Ga. 590, 594 (2) (502 SE2d 726) (1998); Adsitt v. State, 248 Ga. 237, 240 (6) (282 SE2d 305) (1981). And, evidence of Patterson’s intent to drive the vehicle as he did is undisputed.
Nor have our repeated statements regarding intent under OCGA § 16-5-20 (a) (2) been made by happenstance. Rather, when squarely faced with a claim that a specific intent to cause apprehension is required when the defendant is alleged to have committed aggravated assault based on the victim’s reasonable apprehension of harm under OCGA § 16-5-20 (a) (2), this Court has squarely stated that “[a]ll that *494 is required is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury, not a specific intent to cause such apprehension. [Cit.]” Smith v. State, 280 Ga. 490, 492 (1) (629 SE2d 816) (2006). And, this conclusion regarding the requirements of OCGA § 16-5-20 (a) (2) is demanded by the simple fact that no requirement of a specific intent is set forth in OCGA § 16-5-20 (a) (2). The statutory language is plain and unequivocal; a person who commits an act that places another in reasonable apprehension of receiving a violent injury has committed simple assault under OCGA § 16-5-20 (a) (2). See O’Neal v. State, 288 Ga. 219, 220-221 (702 SE2d 288) (2010); Glover v. State, 272 Ga. 639, 640 (533 SE2d 374) (2000). And, this Court has previously addressed the genesis of OCGA § 16-5-20 (a) (2), observing in Rhodes v. State, 257 Ga. 368, 369 (4) (359 SE2d 670) (1987), that in enacting OCGA § 16-5-20 (a) (2) in 1968, the General Assembly effected “a substantial change ... in the definition of aggravated assault, as defined in the Criminal Code.” In addressing a claim that the defendant’s act was the crime of pointing a gun or pistol at another, and not the crime of aggravated assault, Rhodes noted that before the adoption of the Criminal Code in 1968,
simple assault was defined as “an attempt to commit a violent injury on another.” Code Ann. § 26-1301 (nowOCGA § 16-5-20 (a) (1)). Aggravated assault then was defined as an assault with intent to murder, rape, or rob. Code Ann. § 26-1302 (a) (1) (now OCGA § 16-5-21 [(b)] (1)). There was no analog to OCGA §§ 16-5-20 (a) (2) or 21 [(b)] (2). Thus, pointing a firearm at another without legal justification and without intent to murder, rape, or rob was always a misdemeanor, whether or not the victim was apprehensive of being injured. The 1968 codification included Code Ann. §§ 26-1301 (a) (2) and 26-1302 (a) (2), now codified as OCGA §§ 16-5-20 (a) (2) and 21 [(b)] (2), and established that the use of a deadly weapon in such manner as to place another in reasonable apprehension of immediate violent injury constitutes the felony of aggravated assault.
Id. (Emphasis supplied.) Thus, Rhodes stands for the proposition that OCGA § 16-5-20 (a) (2) means simply what it says; a person commits simple assault by committing “an act which places another in reasonable apprehension of immediately receiving a violent injury.”[7]
*495 Notwithstanding these precedents, Patterson urges that this Court should nonetheless interpret OCGA § 16-5-20 (a) (2) to include a requirement that the defendant have the specific intent to cause the victim to be apprehensive of receiving a violent injury. But, despite this request, OCGA § 16-5-20 (a) (2) simply does not state that a defendant must intend to place the victim in reasonable apprehension of receiving a violent injury. And, at the time of the 1968 enactment of OCGA § 16-5-20 (a) (2), the General Assembly certainly knew how to phrase a statute to include a requirement that an act must be made with a specific intent, as can be seen in the requirement of simultaneously-enacted OCGA § 16-5-21 (b) (1) that an aggravated assault under that provision be done “[wjith intent to murder, rape, or to rob,” and we therefore conclude that the General Assembly simply chose not to include a requirement of specific intent in OCGA § 16-5-20 (a) (2). Hayes v. State, 298 Ga. 98, 104 (2) (b) (779 SE2d 609) (2015); Fair v. State, 284 Ga. 165, 168 (2) (b) (664 SE2d 227) (2008). If language changing the required intent of the defendant is to be inserted into the text of OCGA § 16-5-20 (a) (2), it is for the General Assembly to do it, not this Court.[8]
Thus, the Court of Appeals was correct in determining that, as to Count 4,
the State was required to show that Patterson intended to drive his van in the direction of Silvers, that Silvers was placed in reasonable apprehension of injury, and that the *496 van was an object that when used offensively against a person, [9] was likely to or actually did result in serious bodily injury The State was not required to show an intent to injure or that Patterson intended to place Silvers in reasonable apprehension of injury.
Patterson, supra at 226 (2).[10]

Judgment affirmed.

All the Justices concur, except Melton, Nahmias and Blackwell, JJ., who dissent.

 At the time of Patterson’s indictment in February 2012, what is now OCGA § 16-5-21 (b) was codified as OCGA § 16-5-21 (a). The pertinent provision reads:
A person commits the offense of aggravated assault when he or she assaults:
(1) With intent to murder, to rape, or to rob;
(2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury [.]

See Ga. L. 2014, p. 441.

 OCGA § 16-5-20 (a) reads:
A person commits the offense of simple assault when he or she either:
(1) Attempts to commit a violent injury to the person of another; or
(2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.

 It is uncontroverted that a motor vehicle may be used offensively against a person within the meaning of present OCGA § 16-5-21 (b). Guyse v. State, 286 Ga. 574, 576 (2) (690 SE2d 406) (2010); Turner v. State, 281 Ga. 487, 489 (1) (b) (640 SE2d 25) (2007).

 OCGA § 16-5-60 (b) reads:
A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act *493 or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

 OCGA § 40-6-390 (a) reads:
Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving.

 OCGA § 16-1-6 reads:
An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when:
(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or
(2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

 In Rhodes, this Court noted that the defendant’s “own testimony (‘I was showing the gun to him so he would leave me alone.’) revealed that his purpose in pointing the weapon was to *495 place [the victim] in apprehension of immediate violent injury.” Rhodes, supra at 370 (6). However, this observation was made immediately after reciting that the deceased victim, and those who were with him in his car, perceived the threat posed by the defendant’s actions; this, together with the discussion and analysis undertaken in the previous divisions of Rhodes, makes clear that this Court’s notation that the defendant intended the victim to apprehend an injury was simply a comment about the quantum of evidence in the case, not the creation of an element of the crime beyond that set forth in the language of current OCGA § 16-5-20 (b) (2).

 Although this Court’s opinion in Rhodes was written 19 years after the 1968 passage of what is now OCGA § 16-5-20 (a) (2), beginning shortly after the enactment of OCGA § 16-5-20 (a) (2), the Court of Appeals regularly decided cases also applying the statute as written, i.e., without grafting into the crime of simple assault the additional element that the defendant must intend that his or her act place another in reasonable apprehension of immediately receiving a violent injury. See Johnson v. State, 122 Ga. App. 542 (1) (178 SE2d 42) (1970). See also Brooks v. State, 144 Ga. App. 97, 99 (3) (240 SE2d 593) (1977); Hise v. State, 127 Ga. App. 511 (194 SE2d 274) (1972). Patterson contends in this Court that the 1968 Committee Notes to what is now OCGA § 16-5-20 suggest a legislative intent to include a requirement that the defendant have a specific intent to cause the victim reasonable apprehension of immediately receiving a violent injury, but the Notes do not state that there was such a legislative intent, and the General Assembly has not, in the 46 years since the Court of Appeals’s decision in Johnson, supra, or the 29 years since this Court’s decision in Rhodes, supra, taken any opportunity to insert into the language of OCGA § 16-5-20 (a) (2) that which Patterson wishes to be placed there.

 We note that the dissent raises certain hypothetical scenarios that it contends could result in the commission of aggravated assault through ordinary behavior, but does so without any acknowledgment of this element of the offense. Any consideration of the meaning of the language “when used offensively against a person” as stated in current OCGA § 16-5-21 (b) (2) is beyond the scope of this Court’s grant of certiorari.

 Given our answer to the first question this Court posed on certiorari, we need not address the second question.