**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 17, 2016**

# In the Court of Appeals of Georgia

A16A1097. BONNER v. THE STATE.

McMILLIAN, Judge.

Keshaun Jaemer Bonner was indicted in Fulton County on charges of armed robbery, hijacking of a motor vehicle, and possession of a firearm during the commission of a felony in connection with an alleged taking of a car on April 3, 2014. Bonner appeals the trial court's denial of his plea in bar and motion to dismiss this indictment based on double jeopardy and collateral estoppel, asserting that he previously pled guilty in Clayton County to a felony charge of theft by receiving stolen property involving the same car on the same day.[1]

---

[1] Bonner also pled guilty to two other charges asserted in the same indictment, a felony charge of obstruction of a police officer and a separate misdemeanor charge of theft by taking of a wheel unrelated to the car in this case.

Bonner was indicted on the Fulton County charges on April 11, 2014, and the Clayton County charges were asserted in an accusation dated August 8, 2014.[2] Bonner pled guilty to the Clayton County accusation four months later, on December 8, 2014, while the Fulton County charges remained pending. In reciting the factual basis for the charge of felony theft by receiving during Bonner's guilty plea hearing, the prosecutor stated that she expected the evidence to show that on April 3, 2014, Bonner was in possession of a stolen car, which was the property of another, which he knew or should have known was stolen. The trial court sentenced Bonner to a total of eight years, with twelve months to serve,[3] on the felony charge of theft by

---

[2] Although the Fulton County indictment and the Clayton County accusation list different owners for the car, Bonner's attorney stated at the hearing on the plea in bar that the charges in Clayton and Fulton Counties involved the same car , and the State apparently does not dispute this fact.

[3] The State asserts that because the Clayton County accusation did not allege a basis for imposing a felony sentence, such as a valuation for the car, this sentence is void, and thus it fails to support Bonner's argument that he has a prior conviction. See OCGA § 16-8-12 (defining punishments for, inter alia, theft by taking). However, pretermitting whether the State has standing to attack the sentence on this ground since it specifically asked that the sentence be imposed, the trial court expressly informed Bonner that he was charged with felony theft by receiving in connection with the car in this case , and he pled guilty to that charge. "In Georgia, a guilty plea is an admission against interest and prima facie evidence of the facts admitted." (Citation and punctuation omitted.) *Trustgard Ins. Co. v. Herndon*, __ Ga. App. __ (1) (Case No. A16A0585, decided July 14, 2016) (physical precedent only).Thus, Bonner implicitly admitted the facts supporting his conviction for felony theft by

receiving in this case, along with another felony offense of theft by receiving charged in a separate indictment to which Bonner also pled guilty.[4]

On May 12, 2015, Bonner filed his plea in bar and motion to dismiss in the Fulton County action asserting that the charges in both the Clayton and Fulton County actions arose from the theft of the same car and that he could not be prosecuted for both taking the car and receiving it as stolen property. Bonner argued that because the charge of theft by receiving under OCGA § 16-8-7 applies only to individuals who were not involved in the actual theft of the stolen property, his conviction under that statute represents a judicial finding that he was not the principal thief, barring any subsequent prosecution for crimes requiring a contradictory finding that he did, in fact, steal the car.

_____

taking and he does not contend that the sentence imposed is void as unsupported by the evidence. Because the State has presented no evidence to counter the prima facie evidence of felony theft by taking, it cannot show that the sentence is void.

[4] The State also asserts that Bonner did not carry his burden on the issue of double jeopardy because he failed to introduce evidence of the entry of the trial court's written judgment and sentence in the case. However, the State failed to raise this argument below, and it is waived. See *Spradling v. State*, 310 Ga. App. 337, 340 (715 SE2d 672) (2011) (failure to raise evidentiary objection constitutes waiver of the issue since this Court cannot review "an evidentiary ruling that the trial court was never called upon to make") (citation and punctuation omitted) (on motion for reconsideration).

The trial court appeared to agree with Bonner's analysis regarding the mutually exclusive nature of his conviction for theft by receiving when compared to the armed robbery and car hijacking charges alleged in the Fulton County indictment. Nevertheless, the court denied Bonner's plea in bar and motion on the ground that Bonner had not yet been *convicted* of two mutually exclusive crimes. The court found that if the theft by receiving charge somehow were set aside[5] by the time of Bonner's trial on the Fulton County charges, the jury would be free to consider the charges alleging that he had actually taken the car.

Because the facts here are undisputed and no question arises as to the credibility of any witnesses, our review of the trial court's ruling is de novo. *Garrett v. State*, 306 Ga. App. 429, 429 (702 SE2d 470) (2010); *Summers v. State*, 263 Ga. App. 338 (587 SE2d 768) (2003).

Bonner's argument in support of his motion and plea in bar is grounded in collateral estoppel, a doctrine incorporated into the Fifth Amendment's prohibition against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 443 (90 SCt 1189, 25 LE2d 469) (1970). Collateral estoppel "means simply that when an issue of ultimate fact has

[5] The trial court cited no possible basis on which the Clayton County conviction could be set aside, however, and the State has not argued or suggested that it sought to set aside that conviction.

once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Id. As the Georgia Supreme Court has explained,

> [c]ollateral estoppel may affect a later criminal prosecution in two ways: (1) it may operate to bar the introduction of certain facts necessarily established in a prior proceeding; or (2) it *may completely bar a subsequent prosecution* where one of the facts necessarily determined in the former proceeding is an essential element of the conviction sought.

(Emphasis supplied.) *Malloy v. State*, 293 Ga. 350, 354 (2) (a) (744 SE2d 778) (2013). Thus, where a defendant's prior conviction necessarily includes a factual finding that would prevent his conviction on other charges, further prosecution of those charges is barred, and the trial court erred to the extent that it found that a subsequent prosecution may proceed as long as the defendant is not convicted on the barred charge.

The question, then, is whether Bonner's plea to theft by receiving by retaining the stolen vehicle barred his subsequent prosecution for armed robbery and hijacking the vehicle. In Georgia, "[t]here is no doubt that one cannot be convicted of both robbery of a vehicle and theft by receiving that vehicle. The offense of theft by

receiving is intended to catch the person who buys or receives stolen goods, as distinct from the principal thief." (Citation and punctuation omitted.) *Thomas v. State*, 261 Ga. 854, 855 (1) (413 SE2d 196) (1992). See also *Camsler v. State*, 211 Ga. App. 826, 826 (440 SE2d 681) (1994). The same reasoning applies to the crime of hijacking a motor vehicle. Cf. *Middlebrooks v. State*, 241 Ga. App. 193, 195 (4) (526 SE2d 406) (1999) (holding that theft by receiving a motor vehicle is not a lesser included offense of hijacking a motor vehicle because "[t]he offense of theft by receiving is intended to catch the person who buys or receives stolen goods, as distinct from the principal thief") (citation and punctuation omitted). Thus, a finding "that the goods had been stolen by some person other than the accused" is an essential element of a conviction for theft by receiving under OCGA § 16-8-7. (Citation and punctuation omitted.) *Thomas*, 261 Ga. at 855.

However, "the actus reus element of the offense [set out in that statute] may be committed by either receiving, disposing of, or retaining stolen property." *Camsler*, 211 Ga. App. at 827. Here, the Clayton County accusation alleged that Bonner had violated the statute solely by retaining the stolen property. In *Thomas*, our Supreme Court left open the question of "whether armed robbery and theft by receiving, where the indictment alleges retaining stolen property, are mutually exclusive." 261 Ga. at

6

855 n.1. This Court subsequently answered that question in the affirmative. *Ingram v. State*, 268 Ga. App. 149, 151-52 (5) (601 SE2d 736) (2004). We take the opportunity now to further elucidate the reason why theft by receiving by retaining stolen property is treated in the same manner as theft by receiving or disposing of stolen property for purposes of determining whether crimes are mutually exclusive.

Prior to 1969, Georgia law provided, that "[i]f any person shall buy or receive any goods . . . that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the same punishment" as a person convicted of stealing or feloniously taking the property. See former Ga. Code Ann. § 26-2620, repealed by Ga. L. 1968, p. 1249. In applying this provision, Georgia courts held that "[t]he gist of the offense of receiving stolen goods knowing them to be stolen is the felonious knowledge that the goods were stolen; and to constitute the offense, the person receiving the goods must have this knowledge at the time of receiving them." *Pat v. State*, 116 Ga. 92, 92 (42 SE 389) (1902). Therefore, no violation of the statute occurred where a defendant took possession of the goods without knowing that they were stolen, but who, when later informed of the fact, retained possession of them. Id.; *Johnson v. State*, 135 Ga. App. 768, 768 (2) (219 SE2d 25) (1975); *Johnson v.*

7

*State*, 122 Ga. App. 769, 771 (2) (178 SE2d 772) (1970); *Rogers v. State*, 29 Ga. App. 363 (115 SE 668) (1923).

Moreover, a conviction under this statute also required that the State prove that someone other than the defendant, if known and apprehended, was guilty of the theft of the property. See *Clarke v. State*, 103 Ga. App. 739, 739 (120 SE2d 673) (1961) ("Before a conviction can be had for offense of receiving stolen goods . . . , every fact essential to the conviction of principal thief, whether he be known or unknown, must be proved, as well as that the party on trial received stolen goods with knowledge that they were stolen.") See also *Reese v. State*, 114 Ga. App. 315, 315 (151 SE2d 180) (1966); *Jackson v. State*, 98 Ga. App. 135, 136 (105 SE2d 249) (1958) (holding that where principal thief was not indicted and convicted, defendant could not be lawfully convicted of receiving goods allegedly stolen by principal thief).

In 1968, the Georgia Legislature "enacted a comprehensive revision of the criminal laws. Ga. L. 1968, p. 1249." *Patterson v. State*, 299 Ga. 491, 505 (2) (b) (789 SE2d 175) (2016) (Blackwell, dissenting). This enactment was based on the work of a Criminal Law Study Committee (the "Committee") commissioned by the General Assembly in 1961 "to undertake 'a thorough study of the criminal laws' and to recommend 'a revision of the laws relative to criminal law and procedure,' with an

8

eye toward eliminating 'ambiguities and inconsistencies.' Ga. L. 1961, p. 96." Id. at

505 (2) (b). As a part of the 1968 revision, Ga. Code Ann. § 26-2620 was repealed

and replaced, effective July 1, 1969, (Ga. L.1968, pp. 1249, 1292), with the current

version of the statute, which provides:

> (a) A person commits the offense of theft by receiving stolen property
> when he receives, disposes of, or *retains* stolen property which he
> knows or should know was stolen unless the property is received,
> disposed of, or retained with intent to restore it to the owner.
> 'Receiving' means acquiring possession or control or lending on the
> security of the property.

> (b) In any proceeding under this Code section it shall not be necessary
> to show a conviction of the principal thief.

(Emphasis supplied.) OCGA § 16-8-7 (See also former Ga. Code Ann. § 26-1806).

The Committee's notes[6] state that these changes to the statute were intended to

simplify the "former Georgia law dealing with the receiving of stolen property,"

---

[6] The Committee's notes were published in the Georgia Code, and Georgia's appellate courts have relied upon them in a number of cases for guidance in interpreting the state's criminal statutes. See, e.g., *Patterson*, 299 Ga. at 505 (2) (b) (Blackwell, dissenting); *Adams v. State*, 288 Ga. 695, 696 (1) (707 SE2d 359) (2011); *Luther v. State*, 255 Ga. 706, 708 (1) (342 SE2d 316) (1986); *Murray v. State*, 254 Ga. 351, 352 (2) (329 SE2d 485) (1985); *Thomas v. State*, 246 Ga. 484, 486 (272 SE2d 68) (1980); *Wells v. State*, 125 Ga. App. 579, 579 (188 SE2d 407) (1972).

which it described as being "in a state of confusion." The notes do not specifically address why retention was added as another means of committing theft by receiving. Ga. Code Ann. bk. 10, Committee Notes, Chapter 26-18, p. 349 (Harrison 1983).

However, Georgia courts have since interpreted the addition of the word "retains" in the statute as invalidating prior precedent requiring proof that the accused knew the property was stolen when he or she first acquired it; rather, the courts found that "'[a]fter the fact knowledge' would tend to show a guilty retention under the [revised] Code and will sustain a conviction." *Johnson*, 135 Ga. App. at 769 (2). See also *Blankenship v. State*, 223 Ga. App. 264, 267 (2) (477 SE2d 397) (1996) (same); *Bremer v. State*, 148 Ga. App. 461, 468 (6) (251 SE2d 355) (1978) ("After the fact knowledge that goods are stolen and retention of the goods constitutes retaining stolen property and will support a conviction."); *Poole v. State*, 144 Ga. App. 228, 230 (2) (240 SE2d 775) (1977) ("[R]etention of stolen property which a person knows or should know is stolen without intent to restore it to the owner will sustain the conviction even where guilty knowledge at the time of the acquisition of the stolen property is not shown."). Based on the history of statutory changes to the crime of theft by receiving, it follows then that the addition of retention as method of committing theft by receiving was intended to resolve the inconsistency in the prior

10

law that allowed a perpetrator to escape prosecution where he innocently obtained property but chose to retain it after learning that it was, in fact, stolen.

The addition of "retaining," thus, did not change the character of a theft by receiving charge, which includes as "[a]n essential element of the crime . . . that the goods had been stolen by some person other than the accused." (Citation and punctuation omitted.) *Thomas*, 261 Ga. at 855 (1). See also *Smith v. State*, 335 Ga. App. 639, 641 (781 SE2d 400) (2016).[7] Accordingly, in instances where the accused was convicted of theft by receiving and/or retaining, our courts have held that he could not also be convicted of armed robbery or robbery as the crimes are mutually

---

[7] Justice Frankfurter once explained the reasoning behind this principle as follows:

> It is hornbook law that a thief cannot be charged with committing two offenses – that is, stealing and receiving the goods he has stolen. . . . And this is so for the commonsensical, if not obvious, reason that a man who takes property does not at the same time give himself the property he has taken. In short, taking and receiving, as a contemporaneous – indeed a coincidental – phenomenon, constitute one transaction in life and, therefore, not two transactions in law.

*Milanovich v. U.S.*, 365 U.S. 551, 558 (81 SCt 728, 5LE2d 773) (1961) (Frankfurter, J., dissenting). Similarly, someone who takes property necessarily retains it for at least some period of time, making the two behaviors part of one continuous act.

11

exclusive. See *Thomas*, 261 Ga. at 856 (1) (granting new trial where jury convicted defendant of both armed robbery and receiving stolen property); *Smith*, 335 Ga. App. at 640 (vacating defendant's guilty pleas to robbery and theft by both receiving and retaining and remanding the case for further proceedings as to those counts); *Ingram*, 268 Ga. App. at 151-52 (5) (vacating defendant's sentences for theft by taking and theft by receiving by retaining and remanding for new trial). See also *Clark v. State*, 144 Ga. App. 69, 70 (240 SE2d 270) (1977) (Clark's prior guilty plea to receiving a stolen check writer collaterally estopped the State from attempting to prosecute him for burglary in connection with the theft of the check writer).

Therefore, even though Bonner was charged with "retaining" and not "receiving" stolen property, we find that Bonner's conviction under OCGA § 16-8-7 contains an implicit and necessary finding that he was not the individual who stole the car. See *Clark*, 144 Ga. App. at 70 (in convicting defendant based on his guilty plea to charge of theft by receiving stolen check writing machine, trial court "necessarily determined that [the theft] had been committed by someone other than [the defendant]") (emphasis omitted).[8] Conversely, the charges of armed robbery

---

[8] We note that this case is distinguishable from this Court's recent opinion in *Holt v. State*, __ Ga. App. __ (1) (Case No. A16A1360, decided October 28, 2016). In that case, the defendant pled guilty to theft by receiving the victim's stolen car

12

under OCGA § 16-8-41[9] and hijacking a motor vehicle under OCGA § 16-5-44.1,[10] as indicted in this case, each requires proof that Bonner actually took the car. Because these charges are mutually exclusive of Bonner's prior conviction for theft by retaining the vehicle, the trial court erred in denying his plea in bar and the motion to dismiss the Fulton County indictment alleging those crimes.[11] Id.

*Judgment reversed. McFadden, J., concurs. Miller, P. J., concurs in judgment only.*

---

after he was arrested following a highspeed chase. This Court found that defendant's conviction on the theft by receiving charge did not bar his subsequent prosecution on charges of armed robbery, theft by taking, and aggravated assault in connection with the theft of the same victim's money and cellphone at gunpoint a few days prior to defendant's arrest because the armed robbery was completed before the vehicle was taken.

[9] "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a).

[10] "A person commits the offense of hijacking a motor vehicle when such person while in possession of a firearm or weapon obtains a motor vehicle from the person or presence of another by force and violence or intimidation or attempts or conspires to do so." OCGA § 16-5-44.1 (b).

[11] Because the Fulton County indictment charged Bonner with possession of a firearm during the commission of hijacking a motor vehicle , that count, as charged, must also be dismissed. We express no opinion as to any other charges that Bonner may face based on this incident.

13