[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13032
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00025-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS D. HULING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 10, 2018)

Before TJOFLAT, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Curtis Huling appeals his 168-month sentence of imprisonment following his conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). He argues that his prior conviction for Georgia aggravated assault under O.C.G.A. § 16-5-21 does not qualify as a crime of violence for purposes of the career-offender enhancement in the Sentencing Guidelines. After careful review, we affirm.

We review de novo whether a defendant's prior conviction qualifies as a crime of violence under the Guidelines. *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013). We may affirm the district court's decision on any ground supported by the record. *United States v. Acuna-Reyna*, 677 F.3d 1282, 1284 (11th Cir. 2012).

The Sentencing Guidelines provide for increased penalties when a defendant is a "career offender." *See* U.S.S.G. § 4B1.1. Generally, career-offender status increases the defendant's offense level and criminal-history category, rendering the criminal-history category the highest (VI) in every case. *Id.* § 4B1.1(b)(2). Here, Huling's guideline range without the career-offender enhancement would have been 70–87 months (total offense level 21 and criminal-history category V). With the enhancement, his guideline range was 151–188 months (total offense level 29 and criminal-history category VI).

A defendant qualifies as a career offender under § 4B1.1 if, among other requirements not at issue here, he has "at least two prior felony convictions of

2

either a crime of violence or a controlled substance offense." *Id.* § 4B1.1(a). Section § 4B1.2 defines the term "crime of violence" to mean any felony offense that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (known as the "elements" clause), or (2) is one of several specifically enumerated offenses, including "aggravated assault" (known as the "enumerated offenses" clause). *Id.* § 4B1.2(a)(1)–(2).

The district court applied the career-offender enhancement based on Huling's prior Georgia convictions for sale of cocaine and aggravated assault. Only the aggravated assault conviction is at issue here; Huling does not dispute that sale of cocaine qualifies as a controlled-substance offense.

When Huling was convicted of aggravated assault in 2008, Georgia law defined the crime as an "assault" committed

(1) With intent to murder, to rape, or to rob;

(2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury; or

(3) [Against a] person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person or persons.

O.C.G.A. § 16-5-21(a) (2008).[1]  Huling concedes that he was convicted of assault with a deadly weapon or dangerous object under § 16-5-21(a)(2).  *See State v. Wyatt*, 759 S.E.2d 500, 504 (Ga. 2014) ("An indictment charging aggravated assault must allege the element that aggravates the crime above a simple assault, in this case the use of a deadly weapon or dangerous object.").

In Huling's view, a conviction under § 16-5-21(a)(2) does not qualify as a crime of violence under § 4B1.2's elements clause because it does not require proof of a specific intent to use, threaten, or attempt to use physical force.  Rather, all the state must prove is that the defendant intended the acts that caused another to reasonably apprehend violent injury.  *See Patterson v. State*, 789 S.E.2d 175, 178 (Ga. 2016) (the crime of "assault" does not require proof of intent "to place the victim in reasonable apprehension of receiving a violent injury").  It also fails under the enumerated offenses clause, according to Huling, because the offense contains a *mens rea* element broader than the generic version of aggravated assault.

As Huling acknowledges, however, we recently held that aggravated assault under § 16-5-21(a)(2) qualifies as a crime of violence under the Guidelines because it is equivalent to the enumerated offense of "aggravated assault."  *United*

---

[1] The Georgia legislature has since amended the statute to add a fourth aggravator that is not relevant here.  *See* O.C.G.A. § 16-5-21(a)(4) (2016).

*States v. Morales-Alonso*, 878 F.3d 1311, 1320 (11th Cir. 2018).   That holding binds us here.[2]

In *Morales-Alonso*, we explained that, to determine whether a defendant's aggravated-assault conviction qualifies under the enumerated-offenses clause, "we must first identify the essential elements of generic aggravated assault" and determine whether the defendant's crime corresponds to that generic version.  *Id.* at 1315.   Applying our decision in *United States v. Palomino Garcia*, 606 F.3d 1317, 1331–32 (11th Cir. 2010), we stated that generic aggravated assault has two elements: (1) a "criminal assault" that (2) is "accompanied by either the intent to cause serious bodily injury to the victim or the use of a deadly weapon."  878 F.3d at 1315 (quotation marks omitted).

With the definition of generic aggravated assault in hand, we next compared that definition with the elements of Georgia's aggravated-assault statute.  *Id.*   In making that determination, we first found that the "aggravator component" of § 16-5-21(a) is "divisible"—that is, that it "defines multiple crimes and sets out the

_____

[2] *Morales-Alonso* applied the definition of "crime of violence" in § 2L1.2 of the 2015 Sentencing Guidelines.   Section 2L1.2, like § 4B1.2(a)(2), defines the term "crime of violence" by reference to several enumerated offenses, including "aggravated assault."  *Compare* U.S.S.G. § 2L1.2, cmt. n.1(B)(iii), *with* U.S.S.G. § 4B1.2(a)(2).   Because both guideline provisions specifically designate "aggravated assault" as a "crime of violence," we apply the same analysis that *Morales-Alonso* did.   *See United States v. Lockley*, 632 F.3d 1238, 1242 (11th Cir. 2011) ("Where . . . the Guidelines specifically designate a certain offense as a 'crime of violence,' we compare the elements of the crime of conviction to the generic form of the offense as defined by the States, learned treatises, and the Model Penal Code.").   Accordingly, *Morales-Alonso*'s holding that § 16-5-21(a)(2) is equivalent to the generic form of aggravated assault applies equally to the crime-of-violence definitions in both § 4B1.2 and § 2L1.2.

elements of each crime in the alternative." *Id.* at 1316 (citing *Mathis v. United States*, 136 S. Ct. 2243 (2016)). Because the statute is divisible, we applied the "modified categorical approach"—looking to a narrow category of documents to determine which alternative version of the crime the defendant was convicted of— and concluded that Morales-Alonso was convicted of § 16-5-21(a)(2). *Id.* at 1316–17. We then compared this version of Georgia aggravated assault to the generic definition. *See id.* at 1317–20. We found that § 16-5-21(a)(2), like generic aggravated assault, required proof of an assault accompanied by the use of a deadly weapon. *Id.* at 1318. And we rejected the defendant's argument that the statute plausibly "encompasses the use of an object that happens to cause injury in a particular case, regardless of the manner in which the object is used and even if injury is unlikely." *Id.* at 1319. Because the elements of § 16-5-21(a)(2) sufficiently matched the elements of generic aggravated assault, we held that it qualified as a crime of violence. *Id.* at 1320.

In light of *Morales-Alonso*, Huling's Georgia aggravated-assault conviction qualifies as a crime of violence because the elements of § 16-5-21(a)(2) are equivalent to the elements of generic aggravated assault. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or this Court en banc). Huling maintains that *Morales-Alonso*

failed to address whether the *mens rea* element is overbroad, as that argument was not addressed to the panel in that case, "but we have categorically rejected an overlooked reason or argument exception to the prior precedent rule."  *United States v. Johnson*, 528 F.3d 1318, 1320 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 133 (2010).  So we are bound by *Morales-Alonso*.

Accordingly, Huling's prior conviction was a crime of violence under the enumerated offenses clause of § 4B1.2(a)(2), and he was properly found to be a career offender.  Although the district court rested its decision on the elements clause rather than the enumerated-offenses clause, we may affirm on any ground supported by the record.  *See Acuna-Reyna*, 677 F.3d at 1284.  We therefore need not and do not address whether the conviction also qualified as a crime of violence under the elements clause.

Because Huling does not raise any other issue on appeal, his sentence is

**AFFIRMED.**