[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10473

_____

D.C. Docket No. 4:16-cr-00154-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERIN MOSS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 4, 2019)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

WILSON, Circuit Judge:

Terin Moss pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Based on his prior Georgia convictions for aggravated assault, possession of cocaine with intent to distribute, and felony obstruction of a law enforcement officer, Moss was sentenced under the Armed Career Criminal Act (ACCA) to serve 180 months in prison. On appeal, Moss argues that his sentence was erroneously enhanced because his prior Georgia conviction for aggravated assault does not qualify as a predicate "crime of violence" under the ACCA or the Sentencing Guidelines.[1] When based on a simple assault under O.C.G.A. § 16-5-20(a)(2), Georgia's aggravated assault statute, O.C.G.A. § 16-5-21(a)(2), can be satisfied by a mens rea of recklessness. When this is the case, we hold that it does not qualify as a violent felony under the ACCA. We therefore vacate and remand for resentencing.

## I.    Factual and Procedural Background

On October 8, 2015, officers from the Savannah-Chatham Metropolitan Police Department responded to a request for assistance to recover a missing vehicle. Upon locating the missing vehicle, the officers found Moss asleep in the driver's seat. The officers woke Moss, who was largely incoherent, and removed

---

[1] Moss argues that Georgia's aggravated assault statute does not qualify as a crime of violence under U.S.S.G. § 4B1.2's enumerated offenses clause. That was not the basis, however, for his enhanced base offense level. Instead, Moss received an enhanced base offense level under the elements clause of the ACCA, pursuant to § 4B1.4(b)(3)(B). Accordingly, we do not address Moss's arguments under the Guidelines.

him from the car.  The officers recovered a loaded firearm from the driver's seat

and a concealed carry holster from inside Moss's waistband.  An officer on the

scene was familiar with Moss and knew he was a convicted felon.  Moss was

arrested.  Once at the detention center, the officers recovered additional

ammunition from the pocket of Moss's pants.

Moss was charged with being a felon in possession of a firearm, in violation

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One), and being a felon in

possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

(Count Two).  Moss pleaded guilty to Count Two pursuant to a written plea

agreement.[2]

According to the Presentence Investigation Report (PSI), Moss had been

convicted of two prior violent felony offenses and one felony drug offense.  His

felony drug conviction was for possession of less than one ounce of marijuana and

possession with intent to distribute cocaine, in violation of O.C.G.A. § 16-13-30.

His two prior violent felony offenses included two counts of aggravated assault on

a police officer, in violation of O.C.G.A. § 16-5-21(a)(2), and one count of felony

obstruction of an officer, in violation of O.C.G.A § 16-10-24(b).  The facts

underlying Moss's aggravated assault conviction involved Moss fleeing from state

---

[2] In return for Moss's guilty plea, the government agreed to dismiss Count One.

police after being found in possession of an unknown substance and a set of scales. Moss assaulted the officers by biting them, drawing blood from the bite location.

Because Moss had three prior convictions for a violent felony or felony drug offense, the U.S. Probation Officer concluded that Moss qualified as an armed career criminal under 18 U.S.C. § 924(e). Moss's armed career criminal status resulted in a base offense level of 33 under U.S.S.G. § 4B1.4. Moss received a three-level reduction under §§ 3E1.1(a) and (b) for acceptance of responsibility. Based on a total offense level of 30 and a criminal history category of VI, the resulting Guideline range was 168 to 210 months' imprisonment. But because Moss qualified as an armed career criminal, the ACCA mandated a 15-year minimum sentence. Accordingly, the Guideline range was 180 to 210 months.

Moss objected to his status as an armed career criminal, arguing that his conviction for aggravated assault did not qualify as a predicate crime of violence under the ACCA or U.S.S.G. § 4B1.4. He asserted that his prior aggravated assault conviction failed to meet the generic definition of an aggravated assault and failed to satisfy the ACCA's "use of force" requirement for a crime of violence.

The Probation Officer responded that, according to the state indictment, Moss was charged with two counts of knowingly assaulting a police officer with his mouth, an "instrument which, when used offensively against a person, is likely to result or does result in serious bodily injury." O.C.G.A. § 16-5-21(a)(2). Thus,

4

Moss's aggravated assault conviction had as an element the attempted use or threatened use of physical force against the person of another, which met the ACCA's definition of violent felony. *See* 18 U.S.C. § 924(e)(2)(B).

The district court rejected Moss's objections to his armed career criminal status. Moss was sentenced to 180 months' imprisonment, to be served concurrent with Moss's revoked probation terms, followed by 5 years' supervised release. This appeal followed.

## II.    Discussion

Moss challenges the district court's determination that his prior Georgia aggravated assault conviction qualifies as a predicate violent felony under the elements clause of the ACCA. He argues that Georgia's statute (1) does not require a mens rea of specific intent and (2) its definition of "deadly weapon" is overbroad and unconstitutionally vague. His challenge ultimately contests the ACCA enhancement.

We review *de novo* a district court's determination that a prior conviction qualifies as a violent felony under the ACCA. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

### A. The ACCA Enhancement

The ACCA mandates a 15-year minimum sentence for a defendant who commits an offense in violation of 18 U.S.C. § 922(g) and has three prior

convictions for a violent felony or a serious drug offense.  18 U.S.C. § 924(e)(1).

The ACCA defines the term "violent felony" as any crime punishable by a term of

imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B).  This case involves only the first part of that definition,

§ 924(e)(2)(B)(i), known as the elements clause.  *United States v. Owens*, 672 F.3d

966, 968 (11th Cir. 2012).

To determine whether a prior conviction qualifies as a violent felony under

the elements clause, we employ a "categorical approach."  *United States v. Davis*,

875 F.3d 592, 597 (11th Cir. 2017).  In cases where the statute of conviction is

"divisible" in that it "list[s] elements in the alternative, and thereby define[s]

multiple crimes," we employ the "modified categorical approach."  *Mathis v.*

*United States*, 136 S. Ct. 2243, 2249 (2016).  The modified categorical approach

"allows us to look at 'a limited class of documents'—known as *Shepard*

documents and including such items as the indictment, jury instructions, and plea

agreement—'to determine what crime, with what elements, a defendant was

convicted of.'"  *United States v. Morales-Alonso*, 878 F.3d 1311, 1316 (11th Cir.

2018) (quoting *Mathis*, 136 S. Ct. at 2249).  Once we determine which divisible

6

portion of the statute a defendant was convicted under, we then apply the categorical approach to that statutory phrase. *Davis*, 875 F.3d at 598 ("If we can tell which statutory phrase the defendant was necessarily convicted under [using the modified categorical approach], we return to the categorical approach and apply it to that statutory phrase." (internal quotation marks and citations omitted)).

In applying the categorical approach, we look only at the statutory definition of the prior offense and not the facts underlying the conviction. *Howard*, 742 F.3d at 1342; *see also Davis*, 875 F.3d at 597 ("All that counts . . . are the elements of the statute of conviction, not the specific conduct of a particular offender." (quotation marks omitted)). Because an examination of the state conviction does not involve an analysis of the facts underlying the case, we must presume that the conviction rested upon the "least of the acts criminalized." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013). If the "least of the acts criminalized" in the statutory phrase has an element requiring "the use, attempted use, or threatened use of physical force against the person of another," then the offense categorically qualifies as a violent felony under the elements clause. *See Davis*, 875 F.3d at 597–98; 18 U.S.C. § 924(e)(2)(B)(i).

Under the elements clause, "use" requires active employment of physical force. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). "[T]he phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to

7

another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). But active employment of physical force "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal*, 543 U.S. at 9. In *Leocal*, the Supreme Court made clear that crimes of violence must be volitional, but also repeatedly emphasized that such crimes cannot be "accidental." *See id.* at 8–10. Following *Leocal*'s reasoning, we held that "a conviction predicated on a *mens rea* of recklessness does not satisfy the 'use of physical force' requirement." *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010). Rather, for a conviction to qualify as a predicate crime of violence under the elements clause, it must require "the *intentional* use of force." *Id.* Although *Palomino Garcia*'s holding addressed Sentencing Guideline § 2L1.2's elements clause, it compels the conclusion that the ACCA's elements clause likewise requires the intentional use of force. *See United States v. Green*, 873 F.3d 846, 869 (11th Cir. 2017) (determining that a § 2L1.2 case "compels a conclusion that [the same] statute likewise constitutes a violent felony under the elements clause of the ACCA"); *United States v. Vail-Bailon*, 868 F.3d 1293, 1298 n.8 (11th Cir. 2017) ("The elements clause of the ACCA is identical to the elements clause of § 2L1.2. Cases construing the ACCA's elements clause are thus relevant to our inquiry here.").

Of course, reckless conduct, as generally defined, is not intentional. *See* Black's Law Dictionary (10th ed. 2014) (defining recklessness as "[c]onduct

8

whereby the actor *does not desire harmful consequences* but nonetheless foresees the possibility and consciously disregards the risk" (emphasis added)).  Nor is reckless conduct, as defined by Georgia law, intentional.  *See* O.C.G.A. § 16-5-60 (defining reckless conduct as "consciously disregarding a substantial and unjustifiable risk that [the defendant's] act or omission will cause harm or endanger the safety of the other person").  Because Georgia law defines recklessness as nothing more than the conscious disregard of a substantial and unjustifiable risk, this is more akin to accidental conduct and cannot be said to require intent.

With this framework in mind, we now consider whether a conviction for aggravated assault under Georgia law qualifies as a crime of violence under the elements clause of the ACCA.

### B. Georgia's Aggravated Assault Statute

   i.    *Divisibility of Georgia's Simple and Aggravated Assault Statutes*

At the time of Moss's conviction, Georgia's aggravated assault statute provided that a person commits the offense of aggravated assault when he commits a simple assault:

> (1)  With intent to murder, rape, or to rob; or
>
> (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury.

O.C.G.A. § 16-5-21(a) (2000).  Georgia's aggravated assault statute therefore has two essential elements: (a) a simple assault as defined under O.C.G.A. §§ 16-5-20(a)(1) or (2), and (b) that the assault was aggravated by either (1) an intention to murder, rape or rob, or (2) the use of a deadly weapon.  *See Smith v. Hardrick*, 464 S.E.2d 198, 200 (Ga. 1995).  We have previously held that Georgia's aggravated assault statute, O.C.G.A. § 16-5-21(a), is divisible as to the aggravator component of the statute, *Morales-Alonso*, 878 F.3d at 1316, but we have not addressed whether Georgia's simple assault statute, O.C.G.A. § 16-5-20(a), is divisible.

At the time of Moss's conviction, Georgia's simple assault statute provided that a person commits the offense of simple assault when he either:

> (1)  Attempts to commit a violent injury to the person of another; or
>
> (2) Commits an act which places another person in reasonable apprehension of immediately receiving a violent injury.

O.C.G.A. § 16-5-20(a) (2000).  Georgia's simple assault statute is divisible.  The face of the statute lists two separate crimes: (1) an attempt to commit a violent injury to another person and (2) an act placing another in reasonable apprehension of receiving a violent injury.  *See Davis*, 875 F.3d at 598 (finding a statute divisible on its face because it clearly listed two distinct crimes).  As a result, we apply the modified categorical approach to determine which version of simple assault Moss was convicted of committing.  *Id.*  In making this determination, we may look only

to the indictment, jury instructions, and plea agreement. *See Shepard v. United States*, 544 U.S. 13, 26 (2005).

Because the *Shepard* documents do not indicate the portion of Georgia's simple assault statute under which Moss was convicted, we assume that he was convicted under the "least of the acts criminalized" by the statute—here, § 16-5-20(a)(2). *See Johnson*, 559 U.S. at 137 (considering the least culpable prong of a divisible statute where *Shepard* documents did not make clear under which version the defendant was convicted).

Similarly, Georgia's aggravated assault statute is divisible. *See Morales-Alonso*, 878 F.3d at 1316. Review of the permitted *Shepard* documents is therefore necessary to determine which of the multiple crimes listed in the aggravated assault statute Moss was convicted under. *See Davis*, 875 F.3d at 597. The state indictment indicates that Moss was convicted of aggravated assault under O.C.G.A. § 16-5-21(a)(2), which criminalizes an assault "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." O.C.G.A. § 16-5-21(a)(2) (2000).

Accordingly, our analysis is limited an aggravated assault under O.C.G.A. § 16-5-21(a)(2), which was predicated upon a simple assault under O.C.G.A. § 16-5-20(a)(2).

11

### ii.    Mens Rea Requirement

To qualify as a violent felony under the elements clause, a conviction must be predicated on the *intentional* use of physical force.  *See Palomino Garcia*, 606 F.3d at 1334–36.  Georgia law holds that recklessness is a sufficient mens rea for aggravated assault under O.C.G.A. § 16-5-21(a)(2), when based upon simple assault under O.C.G.A. § 16-5-20(a)(2).  *See Patterson v. State*, 789 S.E.2d 175, 176–78 (Ga. 2016).  Therefore, a Georgia aggravated assault conviction cannot qualify as a violent felony under the elements clause of the ACCA when based on simple assault under O.C.G.A. § 16-5-20(a)(2).

The government incorrectly contends that our decision in *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328 (11th Cir. 2013), should control here.  In *Turner*, we held that a conviction under Florida's aggravated assault statute, which incorporates a similar simple assault statute, categorically qualified as a violent felony under the ACCA.  *Id.* at 1337–38.  We reasoned that an aggravated assault conviction under Florida law necessarily included a simple assault, which was the "intentional, unlawful threat by word or act *to do violence* to the person of another, coupled with an apparent ability to do so."  *Id.* at 1338 (quoting Fla. Stat. § 784.011(1)).  Florida's assault statutes are distinguishable, however, from Georgia's assault statutes.  Simply put, Florida requires the "*intentional*, unlawful threat by word or act to do violence," Fla. Stat. § 784.011(1) (emphasis added),

12

while Georgia unequivocally does not require such intent under § 16-5-20(a)(2).

*Turner* therefore does not apply here.

The Supreme Court of Georgia addressed the culpable mental state required under Georgia's simple assault and aggravated assault statutes in *Patterson v. State*, 789 S.E.2d 175 (Ga. 2016). In *Patterson*, the court concluded that "the crime of simple assault as set forth in O.C.G.A. § 16-5-20(a)(2), does not require proof of specific intent." *Id.* at 177. All that is required is that the assailant intends to commit the act which in fact places another in reasonable apprehension of injury, not a specific intent to cause such apprehension. *Id.* "[T]his conclusion regarding the requirements of O.C.G.A. § 16-5-20(a)(2) is demanded by the simple fact that no requirement of a specific intent is set forth in O.C.G.A. § 16-5-20(a)(2)." *Id.*

Nor does a Georgia conviction for aggravated assault with a deadly weapon, O.C.G.A. § 16-5-21(a)(2), require an intent to injure or an intent to place the victim in reasonable apprehension of injury when the underlying simple assault was based on § 16-5-20(a)(2). *Patterson*, 789 S.E.2d at 178. Rather, a conviction under Georgia's aggravated assault statute can be predicated on a mens rea of recklessness. *See id.* at 176–78 (explaining that trial court did not err by refusing to give jury instruction on a lesser included offense of reckless driving because the charged crime of aggravated assault required the same mens rea as the lesser

13

included offense). *Patterson* is the law of Georgia, and *Patterson* must therefore control here. *See Davis*, 875 F.3d at 597 (noting that we apply "federal law in interpreting the ACCA, but state law in determining the elements of state offenses, keeping in mind that state law is what the *state supreme court says it is*." (emphasis added)). Because Georgia's aggravated assault statute, O.C.G.A. § 16-5-21(a)(2) (2000), can be satisfied by a mens rea of recklessness when based on simple assault under § 16-5-20(a)(2), it cannot qualify as a crime of violence under the elements clause of the ACCA. *See Palomino Garcia*, 606 F.3d at 1336 (holding that crimes involving the reckless use of force cannot qualify as crimes of violence under the elements clause).

## III. Conclusion

For the reasons stated, we hold that the district court erroneously applied an ACCA enhancement because Moss's prior aggravated assault conviction does not qualify as a "crime of violence" under the elements clause of the ACCA. We vacate his sentence and remand for resentencing consistent with this opinion.

**VACATED AND REMANDED FOR RESENTENCING.**