[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10635
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cr-00154-WTM-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERIN MOSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 28, 2021)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Terin Moss, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). After careful consideration, we affirm.

I.

Moss is serving a term of incarceration that began in 2017. In late 2020, Moss filed the instant *pro se* § 3582(c)(1)(A) motion for a sentence reduction, seeking relief due to the COVID-19 pandemic. He argued that, due to his medical conditions (including obesity), he had a high risk of contracting and dying from the virus while in custody of the Bureau of Prisons. In response, the government agreed that Moss's obesity qualified as an "extraordinary and compelling" reason for purposes of § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, application note 1(a)(ii)(I). The government nonetheless urged the district court to deny Moss's motion, citing the sentencing factors set forth in 18 U.S.C. § 3553(a). The district court denied Moss's motion, agreeing with the government's analysis.

This is Moss's appeal.

II.

We review a district court's denial of a § 3582(c)(1)(A) motion based on the § 3553(a) factors for an abuse of discretion. *United States v. Harris*, 989 F.3d 908,

2

911 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (internal quotation marks omitted). However, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.

Moss argues that the district court did not adequately consider the risk of the COVID-19 pandemic, his health risks, the fact that his offense of conviction was nonviolent, and his rehabilitation when it denied his motion. Under our deferential standard of review, however, we can discern no abuse of discretion.

Section 3582(c)(1)(A) provides that a district court "may reduce the term of imprisonment" of a person "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (requiring a district court to consider "all applicable" § 3553(a) factors when it grants or denies a motion for compassionate release). Here, the district court agreed with the

3

government that Moss's obesity was an extraordinary and compelling reason for relief. The only issue in this appeal, then, is whether the district court abused its discretion in declining to grant Moss a reduction in his sentence based on the § 3553(a) factors.

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which include: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims. *Id.*

"The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). A district court abuses its discretion when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in

considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

The district court did not abuse its considerable discretion by denying Moss's motion because it adequately considered the 18 U.S.C. § 3553(a) factors, including the seriousness of Moss's offense and the need to promote respect for the law, provide just punishment, and afford adequate deterrence. Moss argues that the district court failed to afford sufficient weight to his medical condition, his rehabilitation while incarcerated, and the fact that he is serving prison time for a nonviolent offense. Essentially, Moss asks us to reweigh the § 3553(a) factors, and we cannot do so under the applicable standard of review.[1]

**AFFIRMED.**

---

[1] We recently vacated Moss's conviction and remanded for resentencing on the ground that one of his prior convictions did not qualify as an Armed Career Criminal Act predicate offense. *See United States v. Moss*, 920 F.3d 752 (11th Cir. 2019), *reinstated after prior vacatur*, 2021 WL 3087754 (11th Cir. 2021) (en banc). Our decision that the district court was within its discretion on the record before it to deny Moss a reduction in his sentence should not in any way be construed as an expression of our view on an appropriate sentence for Moss on remand.