[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10514
Non-Argument Calendar

_____

Agency No. A071-032-499

CYRIL DANE FLORES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 23, 2021)

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Cyril Dane Flores seeks review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. Flores argues that the BIA erred in concluding that he was

statutorily ineligible for cancellation of removal because his Georgia aggravated assault conviction was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(a) and because he had not been sentenced to a term of imprisonment for a year or more for that conviction. Because we agree that the BIA erred in concluding that Flores's Georgia aggravated assault conviction constituted an aggravated felony, we grant the petition and remand for the BIA to determine, in its discretion, whether Flores's case warrants cancellation of removal.

## I.

Flores, a native and citizen of the Philippines, is a lawful permanent resident of the United States. Last year, the Department of Homeland Security served him with a notice to appear, which charged him as removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for being a noncitizen who was convicted of an offense related to a federally controlled substance. Flores had also previously entered a guilty plea in Georgia state court for aggravated assault under O.C.G.A. § 16-5-20(a)(2), for which he was sentenced to five years' probation.

Flores filed an application for cancellation of removal. He argued in support of that application that he was eligible for relief, in part, because his Georgia aggravated assault conviction was not an aggravated felony for immigration purposes. That was so, he argued, because it could be committed with the *mens rea* of recklessness, and he was not sentenced to incarceration for a year or more. The

2

government argued that Flores was convicted of an aggravated felony for immigration purposes and that he was sentenced to five years' *confinement*, which could be served on probation. The government provided the judgment and conviction documents for Flores's prior convictions, which reflected that Georgia had charged him with aggravated assault because he had assaulted someone with an object likely to cause serious bodily injury. The immigration judge agreed with the government and ruled that Flores was statutorily ineligible for cancellation of removal and voluntary departure.

Flores appealed the immigration judge's decision to the BIA. The government moved for summary affirmance of the immigration judge's decision. The BIA dismissed Flores's appeal in a written opinion. It noted that the sole issue on appeal was whether Flores's aggravated assault conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(a). The BIA first determined that the state had sentenced Flores to a term of imprisonment for at least one year, as required under 8 U.S.C. § 1101(a)(43)(F). Second, it determined that Flores's conviction was for an aggravated felony, relying on this Court's opinion in *United States v. Morales-Alonso*, 878 F.3d 1311 (11th Cir. 2018). Accordingly, the BIA dismissed Flores's appeal. We now address Flores's petition for review of that decision.

## II.

First, we must satisfy ourselves of our jurisdiction to review the BIA's decision. *See Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012). We have jurisdiction over "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). To invoke that jurisdiction, a petitioner must allege "at least a colorable" constitutional claim or question of law. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007). Whether an offense qualifies as an "aggravated felony" and thus whether an applicant is eligible for discretionary relief is such a question of law. *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1279 (11th Cir. 2013).

When the BIA issues an opinion without adopting the immigration judge's decision, we review only the BIA's opinion. *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 964 (11th Cir. 2011). And we review the question of whether an offense qualifies as an "aggravated felony" *de novo*. *Donawa*, 735 F.3d at 1279.

When a lawful permanent resident commits certain serious crimes, the government may initiate removal proceedings before an immigration judge. 8 U.S.C. § 1229a. Even if the lawful permanent resident is found removable, the immigration judge may cancel removal, but only if the lawful permanent resident meets strict statutory eligibility requirements. 8 U.S.C. § 1229b(a), (d)(1)(B). For example, the applicant (1) must have been a lawful permanent resident for at least

4

five years; (2) must have continuously resided in the United States for at least seven years after lawful admission; and (3) must not have been convicted of an aggravated felony as defined in the immigration laws. 8 U.S.C. § 1229b(a). If a lawful permanent resident meets those eligibility requirements, the immigration judge may—but need not—cancel removal and allow the lawful permanent resident to remain in the United States. 8 U.S.C. § 1229b.

A crime is an "aggravated felony" if, among other things, it is a "crime of violence," as defined in 18 U.S.C. § 16, for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). A crime of violence is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Importantly, decisions analyzing the definition of "violent felony" in the Armed Career Criminal Act's elements clause "provide substantial guidance" in analyzing the definition of "crime of violence" in 18 U.S.C. § 16(a) because the two provisions are practically identical. *United States v. Gonzalez-Lopez*, 911 F.2d 542, 546 n.4 (11th Cir. 1990), *superseded on other grounds by rule as stated in United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995).

Under Georgia law, a person commits a simple assault when he "[a]ttempts to commit a violent injury to the person of another" or "[c]ommits an act which places

5

another in reasonable apprehension of immediately receiving a violent injury."

O.C.G.A. § 16-5-20(a). The assault is "aggravated" if the perpetrator assaults:

> (1) With intent to murder, to rape, or to rob;
>
> (2) With a deadly weapon or with an object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury;
>
> (3) With any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in strangulation; or
>
> (4) A person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person or persons.

O.C.G.A. § 16-5-21(a). Essentially, a conviction for aggravated assault in Georgia has two elements: (1) a simple assault (relevant here, attempted infliction of violent injury), and (2) an aggravating factor (relevant here, use of a weapon capable of inflicting serious bodily injury). *See Smith v. Hardrick*, 464 S.E.2d 198, 200 (Ga. 1995).

The Supreme Court recently held that a criminal offense with a *mens rea* of recklessness does not qualify as a "violent felony" under ACCA's elements clause. *See Borden v. United States*, 141 S. Ct. 1817, 1825 (2021). Based on *Borden*, we reinstated our opinion in *United States v. Moss*, 920 F.3d 752 (11th Cir. 2019), which had been vacated after a grant of rehearing *en banc*. *United States v. Moss*, 4 F.4th 1292, 1292 (11th Cir. 2021). In the reinstated *Moss*, we held that a conviction for Georgia aggravated assault under O.C.G.A. § 16-5-21(a)(2) based on a simple

assault, could be committed recklessly. *Moss*, 920 F.3d at 759. But to qualify as a violent felony under ACCA's elements clause, a felony "must be predicated on the intentional use of physical force." *Id.* (citing *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010)). So we concluded that Georgia's aggravated assault does not qualify as a violent felony. *Id.*

Here, the BIA erred in concluding that Flores was statutorily ineligible for cancellation of removal because he was not convicted of an aggravated felony. Based on *Borden* and *Moss*, Flores's Georgia aggravated assault conviction under O.C.G.A. § 16-5-21(a)(2) is not a "crime of violence" under 18 U.S.C. § 16(a) because it can be committed with a *mens rea* of recklessness, therefore, it is not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). We need not address whether Flores was sentenced to a term of imprisonment of a year or more in light of our conclusion that Flores's conviction was not for an aggravated felony. We hold that Flores is eligible for cancellation of removal, grant Flores's petition, and remand for the BIA to exercise its discretion and decide whether cancellation of removal is warranted.

**PETITION GRANTED.**

7