[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-13249

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

REGINALD GLENN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:19-cr-00002-CDL-MSH-1

_____

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Reginald Glenn appeals his 42-month sentence for being a felon in possession of a firearm. He argues that the district court improperly determined that his prior Georgia aggravated-assault conviction qualified as a "crime of violence" under the United States Sentencing Guidelines. U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(a)(2). Because this argument is foreclosed by *United States v. Morales-Alonso*, 878 F.3d 1311 (11th Cir. 2018), we grant the government's motion for summary affirmance.

I.

A federal grand jury indicted Glenn on one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Glenn pleaded guilty without a plea agreement. A probation officer calculated Glenn's base offense level as twenty, under U.S.S.G. § 2K2.1(a)(4)(A), because Glenn committed the offense after sustaining a felony conviction for a crime of violence. Specifically, the probation officer cited Glenn's 2015 conviction for aggravated assault in Georgia, which involved him firing a gun at a witness while leaving the scene of a burglary.

Glenn objected to the calculation of his offense level. He argued that his prior Georgia conviction for aggravated assault did not qualify as a "crime of violence" under Section 4B1.2(a) because Georgia's "aggravated assault statute is broader than generic

aggravated assault." The district court overruled Glenn's objection. It reasoned that, under this Court's precedent in *Morales-Alonso*, a conviction for Georgia aggravated assault with a deadly weapon qualified as a crime of violence under Section 4B1.2's enumerated-offenses clause. The district court reduced Glenn's total offense level for his acceptance of responsibility, resulting in a guideline range of 37 to 46 months. It sentenced him to 42 months' imprisonment, followed by a 3-year term of supervised release. Glenn now appeals his sentence, and the government moves the Court for summary affirmance and for stay of the briefing schedule.

## II.

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010). Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc.* v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).

Under the Guidelines, the base offense level for an offense involving the unlawful possession of firearms is twenty if the defendant committed any part of the offense after sustaining one felony conviction of a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). An offense punishable by more than a year can amount to a "crime of violence" under either of two definitions in Section 4B1.2(a). The elements clause in Subsection (a)(1) defines a "crime of

violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." The enumerated-offenses clause in Subsection (a)(2) contains a list of offenses that qualify as crimes of violence, including "aggravated assault." Glenn contends that his previous conviction for aggravated assault is not a crime of violence under either clause.

We start (and end) with the enumerated offenses clause. A conviction "constitutes a crime of violence under the enumerated offenses clause . . . if the elements of the statute of conviction are the same as, or narrower than, the generic version of the enumerated offense." *Morales-Alonso*, 878 F.3d at 1315. In relevant part, the 2015 version of the Georgia aggravated assault statute (under which Glenn was convicted) required proof of two essential elements: (1) an assault, and (2) aggravation of the assault by the use of a deadly weapon. O.C.G.A. § 16-5-21(b) (2015); *see also Smith v. Hardrick*, 464 S.E.2d 198, 200 (Ga. 1995). Georgia's simple assault statute provides that "[a] person commits the offense of simple assault when he . . . (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another person in reasonable apprehension of immediately receiving a violent injury." O.C.G.A. § 16-5-20.

In *Morales-Alonso*, we held that a conviction for Georgia aggravated assault was a crime of violence under the commentary to U.S.S.G. § 2L1.2, which listed "aggravated assault" as an enumerated crime. 878 F.3d at 1320. Applying our decision in *United States v. Palomino Garcia*, 606 F.3d 1317, 1332 (11th Cir. 2010), we stated

that generic aggravated assault has two elements: (1) a "criminal assault" that (2) is "accompanied by either the intent to cause serious bodily injury to the victim or the use of a deadly weapon." *Morales-Alonso*, 878 F.3d at 1315. Because the Georgia aggravated assault statute contained substantially the same elements, we held that it satisfied the enumerated-offenses clause. *Id.* at 1320.

It is true that *Morales-Alonso* dealt with the enumerated-offenses clause in Section 2L1.2, not Section 4B1.2. *Id.* But we must interpret the definition of "crime of violence" consistently throughout the Guidelines. *See United States v. Lockley*, 632 F.3d 1238, 1241 (11th Cir. 2011). And both sections define the term "crime of violence" in the same way by enumerating "aggravated assault" as a covered offense. *Compare* U.S.S.G. § 2L1.2, comment. (n.2), *with id.* § 4B1.2(a)(2) (citing Section 2L1.2 cases when interpreting "crime of violence" in Section 4B1.2). Accordingly, our decision in *Morales-Alonso* about Section 2L1.2 is controlling here.

Glenn argues that we did not consider in *Morales-Alonso* his argument that the *mens rea* element of the Georgia aggravated-assault statute is broader than the generic version of aggravated assault. But our decisions remain binding unless they are overruled or undermined to the point of abrogation, regardless of any "fail[ure] to consider certain critical issues or arguments." *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018); *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). This rule applies even where the advocates in the precedent case failed to argue the issue in the first place. *See Tippitt v. Reliance Standard Life Ins. Co.*,

457 F.3d 1227, 1234 (11th Cir. 2006) ("[A] prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel.") (citing *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000) ("[T]he holding of a prior decision . . . is the law of this Circuit regardless of what might have happened had other arguments been made . . . .")). So the fact that we did not address Glenn's *mens rea* argument does not undermine *Morales-Alonso*'s binding effect.

Neither have later decisions from this or the Supreme Court undermined our holding in *Morales-Alonso*. In *United States v. Moss*, we held that a Georgia conviction for aggravated assault does not qualify as a violent felony under the Armed Career Criminal Act's *elements* clause. 920 F.3d 752, 758–59 (11th Cir. 2019), *opinion reinstated*, 4 F.4th 1292 (11th Cir. 2021) (*en banc*); *accord United States v. Carter*, 7 F.4th 1039, 1045 (11th Cir. 2021) (applying *Moss* in concluding that the defendant's aggravated assault conviction under O.C.G.A. § 16-5-21(a)(2) did not qualify as a violent felony under the ACCA's elements clause). But *Morales-Alonso* controls whether Georgia aggravated assault qualifies as a crime of violence under the Guidelines' *enumerated-offenses* clause, not the elements clause. Likewise, the Supreme Court in *Borden v. United States* addressed whether an offense that could be committed with a *mens rea* of recklessness could satisfy the *elements* clause in the ACCA. 141 S. Ct. 1817, 1834 (2021). Because the enumerated offenses clause supports the sentencing enhancement applied by the district court, we need not address whether the elements clause

provides an additional basis for the enhancement. *See Morales-Alonso*, 878 F.3d at 1314 n.4.

## III.

The government's position that a Georgia conviction for aggravated assault with a deadly weapon is a crime of violence under the enumerated-offenses clause of Section 4B1.2 is "clearly right as a matter of law," and there is no substantial question as to the outcome of Glenn's appeal. *See Groendyke Transp.*, 406 F.2d at 1162. Accordingly, we **GRANT** the government's motion for summary affirmance and **DENY** as moot its motion to stay the briefing schedule.