[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10514

Non-Argument Calendar

_____

CYRIL DANE FLORES,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A071-032-499

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

The government moved for a panel rehearing of our opinion that issued on September 23, 2021. We grant the motion for panel rehearing, vacate our original opinion in this appeal, and substitute in its place the following opinion.

Cyril Dane Flores seeks review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. The BIA concluded that Flores was disqualified from seeking cancellation of removal because of his aggravated assault conviction, which it considered an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). Section 1101(a)(43)(F) states that an aggravated felony includes "a crime of violence" for which the term of imprisonment is at least one year. Upon review, we conclude that the BIA erred in its elements clause analysis. Because the statute of conviction is divisible, the BIA erred by not applying the modified categorical approach to Georgia's aggravated and simple assault statutes. Accordingly, we remand to the BIA so it can apply the modified categorical approach in the first instance and determine whether Flores's crime satisfies the "crime of violence" element of the definition of aggravated felony.

## I.

Flores, a native and citizen of the Philippines, is a lawful permanent resident of the United States. Last year, the Department of Homeland Security served him with a notice to appear, which charged him as removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for being a noncitizen who was convicted of an offense related to a federally controlled substance. Flores had also previously entered a guilty plea in Georgia state court for aggravated assault under O.C.G.A. § 16-5-20(a)(2), for which he was sentenced to five years confinement which he was allowed to serve on probation.

Flores filed an application for cancellation of removal. He argued in support of that application that he was eligible for relief, in part, because his Georgia aggravated assault conviction was not an aggravated felony for immigration purposes. That was so, he argued, because it could be committed with the *mens rea* of recklessness, and he was not sentenced to incarceration for a year or more. The government argued that Flores was convicted of an aggravated felony for immigration purposes because aggravated assault is a crime of violence for which Flores was sentenced to five years' confinement. The government provided the judgment and conviction documents for Flores's prior convictions, which reflected that Georgia had charged him with aggravated assault because he had assaulted someone with an object likely to cause serious bodily injury. The immigration judge agreed with the

government and ruled that Flores was statutorily ineligible for cancellation of removal and voluntary departure.

Flores appealed the immigration judge's decision to the BIA. The government moved for summary affirmance of the immigration judge's decision. The BIA dismissed Flores's appeal in a written opinion. It noted that the sole issue on appeal was whether Flores's aggravated assault conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(a). The BIA first determined that the state had sentenced Flores to a term of imprisonment of at least one year, as required under 8 U.S.C. § 1101(a)(43)(F). Second, it determined that Flores's conviction was for a crime of violence, relying on this Court's opinion in *United States v. Morales-Alonso*, 878 F.3d 1311 (11th Cir. 2018). Accordingly, the BIA concluded that Flores's aggravated assault conviction qualified as an aggravated felony and dismissed Flores's appeal. We now address Flores's petition for review of that decision.

## II.

First, we must satisfy ourselves of our jurisdiction to review the BIA's decision. *See Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012). We have jurisdiction over "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). To invoke that jurisdiction, a petitioner must allege "at least a colorable" constitutional claim or question of law. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007). Whether an offense qualifies as an "aggravated felony" and thus whether an applicant is eligible for discretionary relief is such

a question of law. *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1279 (11th Cir. 2013).

When the BIA issues an opinion without adopting the immigration judge's decision, we review only the BIA's opinion. *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 964 (11th Cir. 2011). And we review the question of whether an offense qualifies as an "aggravated felony" *de novo. Donawa*, 735 F.3d at 1279.

When a lawful permanent resident commits certain serious crimes, the government may initiate removal proceedings before an immigration judge. 8 U.S.C. § 1229a. Even if the lawful permanent resident is found removable, the immigration judge may cancel removal, but only if the lawful permanent resident meets strict statutory eligibility requirements. 8 U.S.C. § 1229b(a), (d)(1)(B). For example, the applicant (1) must have been a lawful permanent resident for at least five years; (2) must have continuously resided in the United States for at least seven years after lawful admission; and (3) must not have been convicted of an aggravated felony. 8 U.S.C. § 1229b(a). If a lawful permanent resident meets those eligibility requirements, the immigration judge may—but need not—cancel removal and allow the lawful permanent resident to remain in the United States. *Id.* A crime is an "aggravated felony" if, among other things, it is a "crime of violence," as defined in 18 U.S.C. § 16, for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F).

*A.*

Flores argues that his aggravated assault conviction is not an aggravated felony because he was not sentenced to a "term of imprisonment" of at least one year. We disagree. Flores's sentence to five years confinement, to be served on probation, was a qualifying "term of imprisonment" under Section 1101(a)(43)(F). We have held that, for the purpose of defining "aggravated felony" under the INA, a "term of imprisonment" includes "all parts of a sentence of imprisonment from which the sentencing court excuses the defendant," including those parts probated under state law. *United States v. Ayala-Gomez*, 255 F.3d 1314, 1316–17 (11th Cir. 2001). Flores's term of imprisonment thus included the entire five-year confinement term to which he was initially sentenced. Accordingly, on remand, the BIA need not revisit the "term of imprisonment" issue.

*B.*

Flores also argues that his aggravated assault conviction is not an aggravated felony because it does not qualify as a crime of violence. A crime of violence is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Importantly, decisions analyzing the definition of "violent felony" in the Armed Career Criminal Act's elements clause "provide substantial guidance" in analyzing the definition of "crime of violence" under 18 U.S.C. § 16(a) because the two provisions are practically identical. *United States v. Gonzalez-Lopez*, 911 F.2d 542, 546 n.4 (11th Cir.

1990), *superseded on other grounds by rule as stated in United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995).

Under Georgia law, a person commits aggravated assault when he (1) commits a simple assault, and (2) there is an aggravating factor present (such as the intent to murder, rape, or rob; or the use of a deadly weapon). O.C.G.A. § 16-5-21(a); *see Smith v. Hardrick*, 464 S.E.2d 198, 200 (Ga. 1995). A person commits simple assault under Georgia law when he either "[a]ttempts to commit a violent injury to the person of another" or "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." O.C.G.A. § 16-5-20(a).

A criminal offense with a *mens rea* of recklessness does not qualify as a "violent felony" under ACCA's elements clause. *See Borden v. United States*, 141 S. Ct. 1817, 1825 (2021). After *Borden*, we reinstated our opinion in *United States v. Moss*, 920 F.3d 752 (11th Cir. 2019), which had been vacated after a grant of rehearing *en banc. United States v. Moss*, 4 F.4th 1292, 1292 (11th Cir. 2021). In *Moss*, we held that a conviction for Georgia aggravated assault under O.C.G.A. § 16-5-21(a)(2) was a crime of recklessness where it was based on the "places another in reasonable apprehension" variety of simple assault. *Moss*, 920 F.3d at 759. Because a felony "must be predicated on the intentional use of physical force" to qualify as a violent felony under ACCA's elements clause, we concluded that Georgia aggravated assault is not *categorically* a violent felony. *Id.* (citing *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010)).

Here, the BIA erred in two ways. First, it erred in concluding that Georgia aggravated assault is categorically a crime of violence. After *Borden* and *Moss*, a conviction for Georgia aggravated assault is not a categorical crime of violence under 18 U.S.C. § 16(a) because it can be committed with a *mens rea* of recklessness. It therefore cannot be classified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) on that basis. The BIA erred by concluding that it could.

Second, the BIA failed to apply the modified categorical approach in analyzing whether Flores's conviction was for a crime of violence. Georgia's aggravated assault and simple assault statutes are divisible, meaning that they set out one or more elements of an offense in the alternative. *Moss*, 920 F.3d at 756–57. Where the statute of conviction is divisible, we apply the modified categorical approach, which requires us to consider a limited class of documents such as the indictment, jury instructions, and plea agreement to determine what crime, with what elements, a defendant was convicted of. *Id.* at 756. Once a court determines which divisible portion of the statute a defendant was convicted under, it then applies the categorical approach to that statutory phrase. *Id.* The BIA did not perform this analysis.

The failure to apply the modified categorical approach is consequential because, though aggravated assault can be committed recklessly, it can also be committed with intent. *Id.* at 758. Our prior opinion issued in this appeal relied on *Moss*'s holding that aggravated assault was not a "crime of violence" where it was based

on the version of simple assault described by § 16-5-20(a)(2) ("an act which places another in reasonable apprehension of immediately receiving a violent injury"). That version of simple assault requires a *mens rea* of recklessness. *Moss*, 920 F.3d at 757–58. But in *Moss* we assumed that the defendant was convicted of the least culpable version of aggravated assault only after applying the modified categorical approach and deciding that the charging documents were inconclusive. *Id.* at 758 ("Because the Shepard documents do not indicate the portion of Georgia's simple assault statute under which Moss was convicted, we assume that he was convicted under the 'least of the acts criminalized' by the statute."). Here, no such analysis was performed by the BIA.

To ascertain whether Flores was convicted of a crime of violence, his conviction should be analyzed under the modified categorical approach. We therefore vacate the portion of the BIA's judgment concluding that aggravated assault is a categorical crime of violence, and remand with instructions to apply the modified categorical approach in the first instance. The BIA is instructed to determine which alternative elements of Georgia's aggravated and simple assault statutes Flores was convicted under and whether those elements qualify as a crime of violence. *Callahan v. United States Dep't of Health & Hum. Servs. through Alex Azar II*, 939 F.3d 1251, 1266 (11th Cir. 2019) ("We are, after all, a court of review, not a court of first view."). On remand, Flores bears the burden of proving that he has not committed a disqualifying offense. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 764–66 (2021) ("[J]ust as

evidentiary gaps work against the government in criminal cases, they work against the alien seeking relief from a lawful removal order.").

**REMANDED.**