[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11091

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TAVION DA'SHAURD WARREN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80157-DMM-1

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tavion Da'Shaurd Warren appeals his conviction and sentence for, *inter alia*, knowingly brandishing a firearm in relation to a crime of violence—a carjacking—in violation of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924.  On appeal, Warren argues that, in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), the district court erroneously found that carjacking is a "crime of violence" for purposes of § 924(c).

We review *de novo* whether an offense is a crime of violence under § 924(c).  *United States v. Bates*, 960 F.3d 1278, 1285 (11th Cir. 2020).

Our prior-panel-precedent rule mandates that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

To convict a defendant for carjacking under 18 U.S.C. § 2119, "the government must prove that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." *United States v. Diaz*, 248 F.3d 1065, 1096 (11th Cir. 2001) (quoting *United States v. Applewhaite*, 195 F.3d 679, 684–85 (3d Cir. 1999)); 18 U.S.C. § 2119.  Important here, the

intent element of the statute is satisfied if "at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car . . . ." *Holloway v. United States*, 526 U.S. 1, 12 (1999).

To qualify as a crime of violence, an offense must meet the definition of § 924(c)(3)(A)'s "elements clause," which defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

We have held that carjacking under § 2119 satisfies § 924(c)(3)(A) because it has "an element requiring that one take or attempt to take by force and violence or by intimidation." *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) (denying a second or successive 28 U.S.C. § 2255 application raising a claim that, in light of the U.S. Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591 (2015), federal carjacking was no longer a crime of violence under the residual clause of § 924(c)(3)(B)).

In *Borden*, the U.S. Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot qualify as a "violent felony" under the ACCA, 18 U.S.C. § 924(e). *Borden*, 141 S. Ct. at 1821–22. In her plurality opinion, Justice Kagan noted that the 11th Circuit likewise "concluded that only a statute confined to purposeful or knowing conduct can count as such a violent felony." *Id.* at 1823 n.2 (citing to *United States v. Moss*, 920 F.3d 752 (11th Cir. 2019), *reh'g en banc granted, opinion vacated*, 928 F.3d 1340 (11th Cir.

2019), *vacated and opinion reinstated*, 4 F.4th 1292 (11th Cir. 2021)). Therefore, our precedent clearly remains in line with the Supreme Court's holding in *Borden*, and we remain bound by our previous holdings that carjacking is a crime of violence under § 924(c).

Warren's argument that federal carjacking under § 2119 is not a crime of violence within the meaning of § 924(c)(3)(A) is foreclosed by our prior-panel-precedent rule, and we affirm the district court's ruling.

**AFFIRMED.**