[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12018

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WAYMON BRYANT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:20-cr-00019-LMM-WEJ-1

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Waymon Bryant appeals his 84-month sentence imposed after Bryant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

Before Bryant's sentencing, a probation officer prepared a Presentence Investigation Report ("PSI"). According to the PSI, Bryant had two prior felony convictions that constituted "crimes of violence" within the meaning of the Sentencing Guidelines: a 2003 Georgia conviction for armed robbery and a 2018 Georgia conviction for aggravated assault. Based on these convictions, the PSI -- pursuant to U.S.S.G. § 2K2.1(a)(2) -- assigned a base-offense level of 24. Bryant's resulting advisory guideline range was calculated as 100 to 120 months' imprisonment.

In his sentencing memorandum and at the sentencing hearing, Bryant argued that his 2018 Georgia aggravated-assault conviction -- a violation of O.C.G.A. § 16-5-21(a)(2) -- did not qualify as a "crime of violence" under the Sentencing Guidelines.[1] Relying on the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), Bryant argued chiefly that his conviction for Georgia

---

[1] That Bryant's 2003 armed-robbery conviction constitutes a "crime of violence" is undisputed.

aggravated assault was no crime of violence because that offense could be committed with a *mens rea* of recklessness.

The district court overruled Bryant's objection. The district court concluded -- in the light of our decision in *United States v. Morales-Alonso*, 878 F.3d 1311 (11th Cir. 2018) -- that Bryant's 2018 aggravated-assault conviction qualified as a crime of violence. The district court then imposed a below-guidelines sentence of 84 months.

On appeal, Bryant reasserts his argument challenging the designation of his 2018 Georgia aggravated-assault conviction as a crime of violence. "We review *de novo* whether a defendant's prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines." *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010).

Under the Guidelines, a defendant who commits an offense involving the unlawful possession of a firearm is assigned a base-offense level of 24 if he committed the offense after sustaining at least two felony convictions for a "crime of violence." *See* U.S.S.G. § 2K2.1(a)(2). For purposes of section 2K2.1, the term "crime of violence" means a federal or state offense punishable by more than one year that satisfies one of the clauses in section 4B1.2(a). *See id.* comment. (n.1) (adopting the definition of "crime of violence" set forth in section 4B1.2(a)); U.S.S.G. § 4B1.2(a). The "elements clause" defines "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* U.S.S.G. § 4B1.2(a)(1). The

"enumerated-offenses clause" contains a list of offenses that qualify as crimes of violence, including "aggravated assault." *Id*. § 4B1.2(a)(2). For purposes of this appeal, we need only consider the enumerated-offenses clause.

Bryant's argument on appeal is foreclosed by our decision in *Morales-Alonso*. In *Morales-Alonso*, we concluded that Georgia aggravated assault under O.C.G.A. § 16-5-21(a)(2) constitutes a "crime of violence" under the enumerated-offenses clause of U.S.S.G. § 2L1.2: a clause that lists "aggravated assault" among the offenses defined as a crime of violence. *See Morales-Alonso*, 878 F.3d at 1317, 1320 (examining language in the 2015 Sentencing Guidelines). In reaching that conclusion, we explained "that the elements of aggravated assault in violation of O.C.G.A. § 16-5-21(a)(2) are substantially the same as the elements of generic aggravated assault . . .." *Id*. at 1320.

Although *Morales-Alonso* dealt with a different guidelines provision than the provision involved in this case, both section 2L1.2 and section 4B1.2 define the term "crime of violence" to include "aggravated assault" in its list of enumerated offenses. *Compare* U.S.S.G. § 2L1.2 comment. (n.2), *with id*. § 4B1.2(a)(2). No material difference exists between these two definitions: our decision in *Morales-Alonso* steers the outcome of this appeal.

Bryant acknowledges that his argument on appeal is foreclosed by this Court's precedent. Nevertheless, Bryant contends that recent decisions in *Borden v. United States*, 141 S. Ct. 1817 (2021), *United States v. Carter*, 7 F.4th 1039 (2021), and *United States v. Moss*,

920 F.3d 752 (11th Cir. 2019), mandate a conclusion in this case that Georgia aggravated assault constitutes no "crime of violence" because it can be committed with a *mens rea* of recklessness. We disagree.

Under our prior-panel-precedent rule, we are bound by a prior panel's decision "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point." *Id*.

Nothing in *Borden* or in our decisions in *Moss* and *Carter* indicates that our decision in *Morales-Alonso* has been overruled or undermined to the point of abrogation. Those dissimilar decisions dealt only with whether an offense constitutes a "violent felony" under the elements clause of the Armed Career Criminal Act ("ACCA") -- not whether an offense constitutes a "crime of violence" under the enumerated-offenses clause of section 4B1.2. *See Borden*, 141 S. Ct. at 1834 (concluding that a criminal offense with a *mens rea* of recklessness does not qualify as a "violent felony" under the ACCA's elements clause); *Carter*, 7 F.4th at 1041, 1045 (concluding -- in the light of *Borden* and *Moss* -- that a conviction under O.C.G.A. § 16-5-21(a)(2) did not qualify as a "violent felony" under the ACCA's elements clause); *Moss*, 920 F.3d at 754, 758, *opinion reinstated*, 4 F.4th 1292 (11th Cir. 2021) (*en banc*) (concluding that a Georgia conviction for aggravated assault under O.C.G.A. § 16-5-

21(a)(2) does not qualify as a "violent felony" under the ACCA's elements clause because the offense can be committed with a *mens rea* of recklessness). And -- unlike section 4B1.2's enumerated-offenses clause -- the ACCA's enumerated-offenses clause does not list "aggravated assault" among the offenses that constitute a violent felony. *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* U.S.S.G. § 4B1.2(a). That the opinion in *Morales-Alonso* never addressed expressly the *mens rea* argument now asserted by Bryant is immaterial: the *Morales-Alonso* decision remains binding law. *See In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (noting that "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel").

The district court committed no error in concluding -- based on our decision in *Morales-Alonso* -- that Bryant's 2018 Georgia aggravated-assault conviction constituted a "crime of violence" under section 4B1.2's enumerated-offenses clause. Because Bryant had two prior felony convictions for a crime of violence, the district court applied properly a base-offense level of 24, under section 2K1.2(a)(2).

AFFIRMED.